No. 21,828.

LILLIAN C. OTIS and BENJAMIN F. VASSAR, *Appellants,* v. ORA G. OTIS et al., *Appellees.*

### SYLLABUS BY THE COURT.

WILLS—*Interpretation—Intention of Testator—Life Estate with Power of Disposition.* The rule is followed that the intention of a testator, as gathered from all parts of his will, must be given effect; and the will, a copy of which is set out in the opinion, is construed to have given to the testator's widow a life estate with the power of disposition, and to have given to the testator's children what was left of the property on the death of the widow.

Appeal from Morris district court; ROSWELL L. KING, judge. Opinion filed January 11, 1919. Modified.

*Harry E. Snyder, Edwin Anderson,* both of Council Grove, and *Frans E. Lindquist,* of Kansas City, Mo., for the appellants.

*Walter M. Doggett,* and *W. J. Pirtle,* both of Council Grove, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff brought this action to partition certain real property. The rights of the parties depend on the construction of the will of M. B. Otis. The will is as follows:

"WILSEY, KANSAS, January 20, 1903.

"My wife, Martha Jane Otis to own all the real estate, personal property, notes, mortgages, interests, and bonds, all property that I may possess at my death.

"My son, Ora G. Otis to act as administrator. I want him to be admitted without bonds.

"All properties left at my wife's death to be divided equally between my six children.

"I want my son O. G. Otis to still act as administrator at my wife's death."

All the parties asked the trial court to construe the will.

The plaintiffs contend that it gave the property therein mentioned to Martha Jane Otis absolutely and in fee, without restriction or limitation. The defendants contend that it gave her a life estate with power of disposition, and that on her

death, what was left of the property went to the six children of M. B. Otis. The trial court held with the defendants.

The language used in the will is crude, but is easily understood. No one can read the will and get a misunderstanding of it. The testator intended that his wife, during her life, should control and dispose of all the property mentioned in the will exactly the same as if she owned it in fee; but that what was left undisposed of at her death should go to his children. In *Brown v. Brown,* 101 Kan. 335, 166 Pac. 499, this court said:

"A rule for the interpretation of wills, to which all other rules are subordinate, is that the intention of the testator, as gathered from all parts of the will, is to be given effect and that doubtful or inaccurate expressions in the will shall not override the obvious intention of the testator." (syl. ¶ 1.)

(See, also, *Ernst v. Foster,* 58 Kan. 438, 49 Pac. 527; *Blair v. Blair,* 82 Kan. 464, 108 Pac. 827.)

If this canon of construction is followed, and it must be, there is not much left to discuss. The will gave to Martha Jane Otis a life estate with the added power of disposition, and it gave the remainder to the six children of M. B. Otis. This construction comes within the rule declared in *Ernst v. Foster,* 58 Kan. 438, 49 Pac. 527; *Postlethwaite v. Edson,* 98 Kan. 444, 155 Pac. 802, and *Scott v. Gillespie,* 103 Kan. 745, 176 Pac. 132. In the opinion in *Postlethwaite v. Edson* the decisions of this court were reviewed, and that opinion controls in the present action.

M. B. Otis died on January 31, 1903, and left surviving him his widow, Martha Jane Otis, and his children, Ora G. Otis, Laura Pirtle, H. M. Otis, C. B. Otis, Mertie Melvin, and Emma Southern. C. B. Otis died on April 26, 1913, and left surviving him Lillian C. Otis, his widow, one of the plaintiffs, and Floyd Butler Otis and Clayton Bernard Otis, his children. Martha Jane Otis died, intestate, in 1916. Benjamin F. Vassar, one of the plaintiffs, is a son of Martha Jane Otis by a previous marriage. The trial court excluded Lillian C. Otis from participation in the estate of M. B. Otis. In that the court erred. She was an heir of C. B. Otis, and inherited one-half of his estate as it would have come to him had he survived his mother. Floyd Butler Otis, and Clayton Bernard Otis, chil-

dren of C. B. Otis, inherited the other one-half of their father's estate. Benjamin F. Vassar inherited nothing.

The judgment of the trial court is modified by giving to Lillian C. Otis one-twelfth of the property, and by giving to Floyd Butler Otis one twenty-fourth thereof, and to Clayton Bernard Otis another one twenty-fourth thereof. With this modification, the judgment is affirmed.