THEODORE PRIEWE, Administrator with the Will Annexed, Petitioner in Probate Court below and Respondent in Supreme Court, v. ALBERT G. PRIEWE, Respondent in Probate Court below, and Appellant in Supreme Court, and RICHARD PRIEWE, Emil G. Priewe, and Melvina Mergner, Respondents, and MAX MERGNER, a Creditor, Respondent.

(175 N. W. 732.)

**Appeal and error — trial de novo cannot be had in supreme court where all evidence offered is received.**

1. In an action triable under the Newman Act as formerly existing, where all of the evidence offered is not received, the supreme court, upon appeal, cannot try and determine such action *de novo*.

**Executors and administrators — annual accounts duly allowed and approved by county court final.**

2. Where an administrator has rendered nine different annual accounts which have been duly allowed and approved by the county court without objection and without any appeal being taken therefrom, the same are deemed conclusive, and not subject to review upon an appeal taken from an order allowing the final account.

**Executors and administrators — commissions to administrators based on original appraised values.**

3. In determining the value of property not sold in an estate for the purpose of fixing the commissions to be paid an administrator, where the administrator for a period of twenty-three years has received and accounted for the rents and profits of the realty, the appraised value of such realty as contained in the original inventory and appraisement should be taken, and not the actual present value of such realty.

**Wills — devise of future executory interest in real estate rendered void by reason of a specific devise to first taker with power of disposition.**

4. Under the statutes of this state, § 5298, Comp. Laws 1913, a future executory interest in real estate may be devised which will not be rendered void by a specific devise to the first taker of such realty with a power of disposition.

**Wills — devise of life estate with power of disposition with limitation over in fee of the residue and remainderman takes subject to payment of special bequest.**

5. Where a will contained the following bequest: "I give, devise, and bequeath all the rest, residue, and remainder of my estate, both real and personal, to my beloved wife Elisabt Priewe, and after her ded, all the real estate and personal property to Albert G. Priewe, his heirs and assigns forever," with special bequests to be paid by his son Albert Priewe, it is *held*, upon the application of legal rules of construction and statutory provisions to ascertain the intent of the testator, that such will devised a life estate to the widow, with the power of disposition if necessary for her maintenance and support, with a limitation over in fee of the residue of the property remaining after her death to the son, subject to the payment of the special bequests, made a personal charge upon the son.

Opinion filed November 10, 1919.  Petition for Rehearing filed December 15, 1919.

Appeal from judgment of District Court, *Cole*, J., in favor of the administrator, construing a will and settling a final account of an administrator, upon an appeal had from the County Court of Cass County.

Judgment modified; case remanded for further proceedings in county court.

*Pollock & Pollock,* for appellant.

So far as the interests of the children of a testator not mentioned in the will are concerned, it has been held that the validity and construction of the will may be discussed and adjudicated within a year from the probating of the will or at any time before the distribution of the estate. Lowery v. Hawker, 22 N. D. 318, 37 L.R.A.(N.S.) 1143; Schultz v. Schultz, 19 N. D. 688.

The intention of the testator must be found from the will itself, and such intention shall be given effect to its full extent if possible, and, if not, to its full extent so far as possible. Comp. Laws 1913, §§ 5685, 5686, 5690.

The natural interpretation of the language in the will used is that the testator gave all his property to his wife so long as she lived, "until her ded," and then gave the same property in remainder in fee to Albert G. Priewe, with a charge to pay the specific legacies. Boekemier v. Boekemier, 157 Iowa, 372, 138 N. W. 493; Crandall v. Nichols (Iowa) 139 N. W. 719; Re James, 146 N. Y. 100, 40 N. E. 876; Balls v. Dampman (Md.) 1 L.R.A. 545.

When a life tenant pays off an entire mortgage indebtedness he becomes a creditor of the remainderman or reversioner for the share which should be contributed by such remainderman or reversioner, and the remainderman shall pay the amount of the encumbrance less the amount of the interest which the life tenant would have paid during such life tenant's expectancy. Comp. Laws 1913, § 5357, 29 L.R.A. (N. S.) 153; Draper v. Clayton (Neb.) 127 N. W. 369; Tindall v. Paterson (Neb.) 99 N. W. 659; Tideman, Real Prop. § 66; Bowen v. Brogan (Mich.) 77 N. W. 942; Whitney v. Satter (Minn.) 30 N. W. 755; 1 Washb. Real Prop. § 96, pp. 123 et seq.; 4 Kent Pom. 75; 1 Story, Eq. § 487.

The appraised value of an estate is not always conclusive in determining the administrators' fees, and if it is questioned the court may institute an inquiry into the actual value. 1 Ross, Probate Law & Pr. 753; Horton v. Barto, 17 Wash. 675, 50 Pac. 587; Wilbur v. Wilbur, 17 Wash. 683, 50 Pac. 589; Coursen's Estate (Cal.) 65 Pac. 965.

*Augustus Roberts,* for respondent.

The leading principle which the courts of both countries respect is that the testator's intent shall be followed, it being the pole star by which the courts shall be guided. Such a rule, to be sure, leads into various courses, since every will must be steered by its own luminary. Yet, uniform justice is better than strict consistency. 1 Schouler, Wills, 5th ed. §§ 559, 579; vol. 2, § 1474.

Extrinsic evidence of attending facts and circumstances as to one's family relations, his property, his affairs, and the like—indeed whatever was likely to have influenced the disposition as it appears is always admissible for placing the court at the testator's point of view when he made the will, and thereby aiding a right interpretation of the instrument. Schouler, Wills, §§ 466, 475–477 and 479; Clark v. Boorman, 18 Wall 493, 502; Niell v. St. Aubin (Tex.) 209 S. W. 781; Weeks v. Cornwell 104 N. Y. 325; Lee v. Simpson, 134 U. S. 572, 33 L. ed. 1038.

Decrees and judgments of country courts not appealed from are final. N. D. Comp. Laws 1913, §§ 8533, 8537, 8579.

Allowance is a preferred claim. Comp. Laws, § 8728; Re Whitney, 154 Pac. 856.

*Taylor Crum*, for Emil G. Priewe, Melvina Mergner, and Max Mergner.

If a life estate only is given, a devise over of the remainder is good. But when by the terms of the devise an estate in fee simple is given, the addition of a devise over of a remainder is void, because the whole estate having already been disposed of, there is nothing left for it to act upon. Mitchell v. Morse (Me.) 52 Am. Rep. 781; 1 Jarman, Wills, 5th ed. (Bigelow) 873; Jackson v. Bull, 10 Johns, 19, decided in 1813 by Chancellor Kent; Stimson v. Routree, 78 N. E. 332; Ross v. Ross, 35 N. E. 10; Harring v. Flowers, 45 So. 571; Stewart v. Walker, 39 Am. Rep. 311; McKenzie's Appeal, 19 Am. Rep. 525; Jones v. Bacon, 28 Am. Rep. 1, Campbell v. Beaumont, 91 N. Y. 465; Bills v. Bills, 8 L.R.A. 696, 45 N. W. 748; Mitchell v. Morse, 52 Am. Rep. 781; Moore v. Sanders, 40 Am. Rep. 703; Jackson v. Littell, 112 S. W. 53; Bernstein v. Bramble, 99 S. W. 682; Hume v. McHaffie, 81 N. E. 117; Fowler v. Duhme, 42 N. E. 623; Mulvane v. Rude, 45 N. E. 659; Perry v. Hockney, 55 S. E. 289; Walker v. Taylor, 56 S. E. 877; Scott v. Scott, 105 S. W. 896; Blackwell v.

Blackwell, 32 S. E. 676; Ross v. Ayrhart 115 N. W. 906; Lamb v. Medsker, 74 N. E. 1012; Tullenwider v. Watson, 14 N. E. 571; Lewman v. Ownes, 64 S. E. 544; Ault v. Karch, 69 Atl. 857; Robinson v. Jones, 70 Atl. 948; Pritchell v. Jackson, 63 Atl. 965.

Any testimony by the scrivener tending to throw further light upon the surrounding circumstances under which the will was made should be submitted. N. D. Comp. Laws 1913, § 5686; Schultz v. Schultz, 19 N. D. 689; 1 Schouler, Wills, 5th ed. § 467; Cowan v. Shaver (Mo.) 95 S. W. 202; Re Dominici (Cal.) 90 Pac. 451; Dougherty v. Rogers (Ind.) 20 N. E. 783; Re Strik (Pa.) 81 Atl. 187.

BRONSON, J. This is an action involving the construction of a will and the final settlement and distribution of an estate. The defendant Albert G. Priewe has appealed from the judgment entered in the district court, and demands a trial *de novo*. The facts substantially are as follows:—

Carl W. Priewe died testate about June 3, 1895, a resident of Cass County, leaving surviving him his wife, Elizabeth Priewe, now deceased, and five children, including Albert G. Priewe, the appellant, named as respondents herein. The will of the deceased, as to the body thereof, reads as follows:—

"First. All my just debts and funeral expenses shall be first paid.

"Second. I give, devise and bequeath all the rest, residue and remainder of my estate, both real and personal, to my belove wife Elisabt Priewe and after her ded all the real estate and personal property to Albert G. Priewe, his heirs and assigns forever. But he is to pay ($200) two hundred dollars to Teodor Priewe, ($200) two hundred dollars to Malviene Mergner ($100) one hundred dollars to Richard Priewe and ($5) five dollars to Emil Priewe, being all of my sons and daters living."

"Third. I nominate and appoint my said son Albert G. Priewe to be the executor of this my last will and testament hereby revoking all former wills made."

This will was admitted to probate January 30, 1896, in the county court of Cass county. The executor declining to act, and administrator with the will annexed, the plaintiff, herein, was appointed and qualified.

43 N. D.—33.

The estate consisted of 160 acres of land in Cass county subject to a mortgage of $700 bearing interest at 8 per cent and certain miscellaneous personal property consisting of some farm machinery, two horses, a cow, and some household goods, appraised at a total value of $234.50. For the first five years, 1896 to 1900, the widow occupied or, partly occupied, the land and received the rents and profits therefrom.

From 1901 to 1916 inclusive, the land was looked after by the administrator, who received the rents and profits therefrom, for which he has made an accounting. For some five or six years, commencing with the year 1903, the appellant, Albert Priewe, rented the land from the administrator. While the land was in the possession of the widow, she paid $400 on the principal of the mortgage, and the interest thereupon amounting to $138 up to 1901. During the course of the administration, which extended over a period of twenty-three years, the administrator in 1910 sold and conveyed a right of way over such land to the G. N. Railway Company, comprising some 5 acres, pursuant to condemnation proceedings first instituted, and thereafter upon proceedings in the county court through a petition, order, and license to sell such right of way. Out of the proceeds, the administrator paid the balance of the mortgage, with interest, and used the remainder for expenses of administration. It also appears that a few articles of the personal property were sold by the administrator, and the proceeds used or accounted for in the course of the administration. The appellant, Albert Priewe, either had, or has taken and kept, most of the remaining personal property. The administrator has made accountings from time to time covering his administration from the year 1901 up to and including the year 1916. This is represented by nine different accountings, to which the parties stipulate and which have been allowed by the county court as reported by the administrator. In April, 1909, the administrator made an agreement for the care of the widow with the daughter, Melvina Mergner and her husband, for a consideration of $10 per month. The widow resided with, and was supported by such daughter and her husband, from April 1, 1909 up to the time of her death, in December 1916. In 1917 the appellant herein took possession of the land and farmed the same under an arrangement made with the sons of the administrator, such sons doing

the work of cropping the land; the proceeds of the land during such year have not been distributed excepting the share due such sons for their work. In April, 1917, the administrator made his final accounting. Therein was presented the bill of Max Mergner for $420 for care of the widow pursuant to the agreement; the claim of the administrator amounting to $77 for expenses paid out during the last sickness of the widow; the claim of Theodore Priewe for $285 paid for funeral expenses of the deceased widow. The appellant herein filed exceptions and objections to the report concerning the construction of the will, the fees of the administrator, and the allowance of such and other claims.

In June, 1917, the county court construed the will and corrected and amended the final account. The administrator was allowed fees only upon the actual property that came into his possession. The will was construed to devise to the widow the use only of the real and personal property for life, with remainder in fee, to Albert Priewe subject to the special bequests. The administrator was directed to account to the appellant herein for that portion of the proceeds received for the sale of the right of way. The claims of Emil Priewe and of Melvina and Max Mergner were disallowed. Final decree was entered accordingly in the county court. From such order upon the final accounting and from the final decree entered, the administrator and the contending creditors separately appealed and demanded a trial *de novo* in the district court. The action came on for trial in the district court in February, 1918.

The records of the county court were before the district court; all of the evidence offered was not received, the trial judge ruling upon the evidence throughout the course of the trial. During the course of this trial the respondents Melvina and Max Mergner presented a new claim theretofore not presented to the county court against the estate, amounting to $982.50 for washing, mending, sewing, and general care of the deceased widow. In the findings of the trial court the will was construed to devise to the widow all life estate, with full power to mortgage and encumber the real estate, if necessary, with the remainder in fee to the appellant herein subject to the special devises. The trial court in such construction determined that it was the intent of the testator to provide for the widow in every manner until, includ-

ing, and after her death, so as to include her funeral expenses. The trial court further found that the account rendered by the administrator during the various years above stated were not subject to review, for the reason that no objections were made thereto or appeals taken therefrom; that the claim of Emil Priewe for funeral expenses. paid was a valid charge against the estate; that the claim of Max Mergner for care should be disallowed; that the claim for $982.50, not having been presented to the county court should likewise be disallowed; that the fees of the administrator should be computed upon the total amount of the value of all property accounted for by the administrator; that the appellant as residuary legatee was entitled to the remaining property after payment of the expenses and claims as well as payment of the specific bequests, with interest thereon commencing one year after the death of the deceased widow. Judgment was entered accordingly, pursuant to such findings in March, 1919.

Appeal has been taken from such judgment by the appellant Albert Priewe alone, and demand is made in this court for a trial de novo. The creditors whose claims have been disallowed contend that it was unnecessary for them to appeal; since this action being tried de novo in this court, their rights can be determined without a separate appeal by them.

This action is not triable de novo in this court where all of the testimony has not been taken and preserved in the trial court. The record of the trial court, however, is reviewable upon the specifications of the appellant, and in view of the determination of this court the procedural questions involved are not deemed material. It is evident that the rights of the parties involved essentially depend upon the legal construction to be placed upon the will. The appellant maintains that the will simply devises a life estate to the widow, with the remainder in fee to the appellant; that this simply gave to the widow right to the use of the realty and personalty during her life. The claimant creditors maintain that the will devised absolutely the personalty and the realty in fee to the widow. That the limitation over to the appellant is simply a precatory wish, void as a devise for the reason that the whole estate had previously been granted to the widow.

The administrator defends the construction adopted by the trial court.

In the construction of wills it is manifestly the first duty of the court to ascertain the intent of the testator from the language used in the will upon the subject-matter devised, taking into consideration the circumstances under which the will was made. Comp. Laws 1913, §§ 5685, 5687. Furthermore in so applying rules of construction an interpretation is to be given, if possible, which will give every expression some effect. Comp. Laws 1913, § 5693.

All of the property that was devised was practically exempt property. The personalty was exempt; it could have been claimed and set aside to the widow absolutely under the statute. Comp. Laws 1913, § 8725. The real property was the homestead, and could have been selected by the widow and set aside by her as her homestead under the statute. Comp. Laws 1913, § 8793. Furthermore, out of such property the widow could have received maintenance from the county court pursuant to statute during the course of administration. Comp. Laws 1913, § 8727. The testator did not intend to grant an absolute fee to the widow, for the residuary devise to the appellant negatives such intent. The special bequests were made charges upon the person of the appellant, and not upon the estate, which evinces an intent that the appellant should receive some of the property of the deceased. On the other hand, the intent is fairly clear, considering the circumstances of the parties and the property involved, that the testator intended to give the widow more than a mere use of the personalty and the realty during her life. Unquestionably the devise to the widow, if considered alone, would have given to her, under the statute of this state, the personalty absolutely and a fee in the real estate but the residuary devise negatives such intent. Accordingly such instrument construed in accordance with the intent of the testator as determined by this court reads upon such construction, for practical purposes, as follows:—

"I give, devise, and bequeath all the rest, residue, and remainder of my estate, both real and personal, to my beloved wife, Elizabeth Priewe; after her death I give, devise, and bequeath all of the rest, residue, and remainder of my estate, both real and personal, then remaining, not then sold or used for her support and maintenance, to Albert G. Priewe, his heirs, and assigns forever, subject to the special legacies."

Under this construction the widow possessed a life estate with a power of alienation or encumbrance, if necessary, for her use and support.

The question thereupon is presented whether the principle of law is not applicable that a life estate granted with the power of alienation renders void the limitation over, upon grounds of repugnancy, in accordance with the well-recognized principle of law stated by Chancellor Kent in the cases of Jackson ex dem. Brewster v. Bull, 10 Johns. 19, and Jackson ex dem. Livingston, v. Robins, 16 Johns. 537 and followed by the great weight of authority, Tiffany, Real Prop. vol. 1, p. 332. It is unnecessary to discuss this principle of law, which has been a subject of much academic discussion in this country, for the reason that a specific statutory provision in this state covers the question. Sec. 5298, Comp. Laws 1913, specifically provides: "A future interest may be defeated in any manner or by any act or means, which the party creating such interest provided for or authorized in the creation thereof; nor is a future interest thus liable to be defeated to be on that ground adjudged void in its creation."

This section of the statute follows very similarly the New York statute, which specifically provides: "An expectant estate cannot be defeated or barred by any transfer or other act of the owner of the intermediate or precedent estate, nor by any destruction of such precedent estate by disseizin, forfeiture, surrender, merger or otherwise; but an expectant estate may be defeated in any manner, or by any act or means which the party creating such estate, in the creation thereof, has provided for or authorized. An expectant estate thus liable to be defeated shall not, on that ground, be adjudged void in its creation." 4 Birdseye's Cumming & Gilbert's Consol. Laws of N. Y. p. 4952, § 57; Laws 1896, § 47, chap. 547.

The New York act was construed in Leggett v. Firth, 132 N. Y. 7, 29 N. E. 950 where a will contained the clause, "I also give, devise, and bequeath to my wife, Elisheba, all the rest and residue of my real estate, but on her decease the remainder thereof, if any, I give and devise to my said children or their heirs respectively, to be divided in equal shares between them." It was held in constructing such provision, that at the common law such gift over would have been void as repugnant to the prior estate upon the ground that a valid executory

devise cannot be defeated at the will of the testator, citing the famous Jackson ex dem. Brewster v. Bull case supra; Van Horne v. Campbell, 100 N. Y. 287, 53 Am. Rep. 166, 3 N. E. 316, 771. The court held,. however, that the statute has specifically changed the·rule. See also Thomas v. Wolford, 49 Hun, 145, 1 N. Y. Supp. 610; Colt v. Heard, 10 Hun, 189; Terry v. Wiggins, 47 N. Y. 512, 518. We agree with the determination of the trial court, that the accountings made by the administrator, to which no objection or appeal therefrom were taken, are final, and not subject to view. Comp. Laws 1913, §§ 8819, 8833, 8837. The order of the county court thereupon stands in the same position as an order of the county court allowing a final account. Under similar statutes in California it has likewise been held. See § 1637, Cal. Code; Re Grant, 131 Cal. 426, 63 Pac. 731; Re Marshall, 118 Cal. 379, 50 Pac. 540; Re Fernandez, 119 Cal. 579, 51 Pac. 851; Re Cout, 100 Cal. 400, 34 Pac. 865.

Accordingly, the appellant herein is not in a position to dispute the disbursements made by the administrator pursuant to the nine different accountings that he made in the county court. Upon this construction and interpretation it follows, therefore, that the disbursements made by the administrator, as shown by nine accountings, are not subject to review, and therefore are concluded; that the payment of claims for funeral expenses, for last sickness, and for the care of the deceased widow, is dependent upon the moneys received from the use and disposition of the property of the deceased during the lifetime of the widow; with propriety, owing to the form of administration had, such claims may be allowed by the administrator and by the county court only out of such moneys available; that in considering such moneys there should be added thereto the value of the property taken by the appellant herein and converted to his use during the lifetime of the deceased widow that the special bequests imposed upon the appellant herein are payable by him out of the residue of the property remaining after the death of the widow, with legal interest thereon from the date of her death, the same being a personal charge upon the appellant. One further question is raised in the record concerning the proper fees to be paid the administrator; namely, whether such administrator should receive his commission only upon moneys actually handled and received by him, including the value of unsold prop-

erty as inventoried, or upon moneys handled and received by him, plus the present actual value of the property undisposed of. In this record it is our opinion that the administrator in this case should receive fees based upon the actual moneys handled by him, plus the value of the property undisposed of as originally inventoried and appraised. He has handled the rents and profits of the unsold property for years. This is sufficient without adding thereto the unearned increment of increased value of the land accruing during these years. The appellant is entitled to the rents and profits of the remaining property, after the decease of the widow. It is therefore ordered that this case be remanded by the trial court to the county court for further proceedings upon final accounting and final distribution of the estate consonant with the views expressed herein.

No costs are awarded to any of the parties upon this appeal.

BRONSON, J. Some of the respondents herein, upon peetition for rehearing and for modification of the order of this court, complain that the opinion of this court, limiting the payment of creditors' claims only to moneys received by the administrator, practically eliminates the claims of creditors, for the reason that there are no moneys so available.

Such position is a misconstruction of the views of this court as contained in the opinion; properly the county court may consider, for purposes of such creditors' claims, the moneys received by the administrator upon the sale of the land, and by him paid, upon the principal mortgage indebtedness, to wit, $700, and the moneys borrowed by the administrator, to wit, some $610, for purposes of the deceased widow. This makes a total of $1310 available. Under the circumstances of this case the interest paid on the principal mortgage indebtedness by the widow, or the administrator, out of the moneys received during her lifetime, may be considered the complement of the amount of such mortgage indebtedness that the widow should have assumed and paid. The principal mortgage indebtedness, therefore, is properly chargeable upon the residue of the estate. The fees and expenses of the administrator, not heretofore paid, out of moneys received by him, during the course of administration, may likewise be considered a charge upon the residue of the estate. The claims of the

respondents, Emil Priewe and the Mergners, first presented in the district court, are not for the consideration nor the review of this court upon this record. The final settlement of the account, the determination of administrator's fees, and the allowance of claims (properly filed, and properly to be allowed), are matters for the consideration of the county court, pursuant to the opinion of this court. The petition for rehearing is denied.