THEODORE PRIEWE, Administrator with the Will Annexed, Petitioner and Appellant, v. ALBERT G. PRIEWE, Richard Priewe, et al., Respondents.

(182 N. W. 697.)

**Executors and administrators — administrator held entitled to credit for money paid out more than received.**

In the order allowing the final report and account of the administrator with the will annexed of the estate of Carl W. Priewe, the administrator was allowed credit in the sum of $610.29 and interest thereon for "moneys paid out more than received by the administrator," as evidenced by a former report which had been duly allowed. 43 N. D. 509. Later, the county court on motion amended its order and disallowed such item. On appeal to the district court the ruling of the county court was affirmed. For reasons stated in the opinion it is *held* that the administrator was entitled to credit for such item in his account with the estate.

Opinion filed April 20, 1921.

Appeal from the District Court of Cass County, *Englert, J.*
Reversed and remanded.
*Augustus Roberts,* for appellant.
A final order settling and allowing an administrator's final account is conclusive. Comp. Laws 1913, §§ 8533, 8827; Joy v. Elton, 9 N. D.

438; Sjoli v. Hogenson, 19 N. D. 95; Re Nelson, 26 S. D. 615; Priewe v. Priewe (N. D.) 175 N. W. 132.

"When statutes authorize the vacation of a judgment entered against a party through his mistake, it is to be understood that they mean a mistake of fact." 1 Black, Judgm. 2d ed.

*Pollock & Pollock* and *Taylor Crum,* for respondents.

The widow's personal expenses unpaid and arising after her death, including personal expenses for care and attendance during her last illness, burial expenses, and whatever claims, so far as they are not fictitious, are not charges against the estate of Carl W. Priewe, but are charges against the estate of the widow, now deceased. Johnson v. Kimball (Mass.) 52 N. E. 386; Dalrymple v. Arnold, 21 Hun, 110; 18 Cyc. 445, i; Notes in 33 L.R.A. 662 and 52 L.R.A.(N.S.) 1153; Re Van De Walker, 79 Misc. 661, 141 N. Y. Supp. 325.

PER CURIAM. This controversy involves the final settlement and distribution of the estate of Carl W. Priewe, deceased. On a former appeal this court construed the will, and determined that the widow possessed a life estate with power of alienation and encumbrance, if necessary, for her use and support. 43 N. D. 509, 175 N. W. 734. And we found as a fact that during the life of the widow an outstanding mortgage against the premises in the sum of $700 had been paid off by moneys belonging to the widow; that the administrator had been compelled to and had borrowed some $610. And we ruled that these items constituted a charge upon the property as against the residuary legatee, and in effect constituted a fund in the hands of the administrator properly applicable to the payment of claims incurred for the support, care, and burial of the widow. 175 N. W. 735.

The facts relating to the litigation are fully stated in the opinion on the former appeal. See 175 N. W. 732. As stated therein Carl W. Priewe died testate on or about June 3, 1895. By his last will and testament his widow was given a life estate with power of alienation or encumbrance, if necessary, in all real and personal property. 175 N. W. 734. The widow died December 19, 1916. From 1901 to 1916 the land had been looked after by the administrator, who received the rents and profits therefrom and made an accounting therefor to the county court. 175 N. W. 733. On April 25, 1917, the administrator

presented to the county court a final report and account. That report formed the basis of the decree from which the former appeal was taken. The report, which is involved on this appeal, purports to be a final report and account of the administrator up to February 10, 1920. It appears therefrom that during the years of 1917, 1918, and 1919, the administrator received, among other things, rents for the land aggregating $3,107.94. After due notice and hearing, the county court on April 30, 1920, made an order allowing such final report and account. In such order the county court allowed as an item of disbursement and expense of the administration of the estate, "moneys paid out more than received by the administrator . . . $610.29;" and interest thereon. Later, on a motion to open and amend such order, the county court disallowed such item. An appeal was taken to the district court from the whole of the order amending the order allowing the final report and account, and from certain parts of the order allowing the final report and account. Such appeal was taken upon questions of law alone. The district court affirmed the county court, and the controversy has been brought here by appeal.

Aside from certain procedural questions, which we find it unnecessary to consider, the errors assigned on this appeal relate solely to the $610 item referred to in the opinion on the former appeal.

Much of the differences of opinion which have given rise to this litigation have been caused by the failure of the parties to recognize the fact that in this case the will vested in the widow a life estate of the character determined in our opinion on the former appeal. During the lifetime of the widow she was not only entitled to possess, but to sell and encumber, the property, if necessary, to provide for her support and maintenance. Yet, during this time the property was administered by the administrator with the will annexed. In other words the administrator, as administrator, purported to and did handle moneys and property which in fact belonged to the widow absolutely.

In the original opinion on the former appeal we said: "We agree with the determination of the trial court that the accountings made by the administrator to which no objection was made or appeal therefrom were taken are final, and not subject to review. . . . Accordingly the appellant (the respondent on this appeal) herein is not in a position to dispute the disbursements made by the administrator as shown

by nine accountings that he made to the county court. Upon this construction and interpretation it follows, therefore, that the disbursements made by the administrator, as shown by nine accountings, are not subject to review, and are therefore concluded; that the payment of claims for funeral expenses, for last sickness, and for the care of the deceased widow, is dependent upon the moneys received from the use and disposition of the property of the deceased during the lifetime of the widow; with propriety, owing to the form of administration had, such claims may be allowed by the administrator and by the county court only out of such moneys available; that in considering such moneys there should be added thereto the value of the property taken by the appellant herein and converted to his use during the lifetime of the deceased widow." Some of the parties to the litigation, who had filed claims for the care and funeral expenses of the widow, filed a petition for rehearing, wherein they assailed the correctness of the former opinion in so far as it limited the payment of creditors' claims to moneys received by the administrator, and asserted that this holding practically eliminated the claims of creditors, for the reason that there were no moneys so available. In answer to this we said in supplemental opinion denying a rehearing: "Such position is a misconstruction of the views of this court as contained in the opinion. Properly the county court may consider, for purposes of such creditors' claims, the moneys received by the administrator upon the sale of the land, and by him paid upon the principal mortgage indebtedness, to wit, $700, and the moneys borrowed by the administrator, to wit, some $610, for purposes of the deceased widow. This makes a total of $1,310 available. Under the circumstances of this case the interest paid on the principal mortgage indebtedness by the widow, or the administrator, out of the moneys received during her lifetime, may be considered the complement of the amount of such mortgage indebtedness that the widow should have assumed and paid. The principal mortgage indebtedness, therefore, is properly chargeable upon the residue of the estate. The fees and expenses of the administrator not heretofore paid out of moneys received by him during the course of administration may likewise be considered a charge upon the residue of the estate."

The language quoted from the supplemental opinion forms the basis of the controversy between the parties on this appeal. It seems

that this language has also been misunderstood or misconstrued. By what was said, there was no intention on the part of this court to definitely fix the amount of moneys available for the payment of claims for the care, support, and burial of the widow. The situation before us should be borne in mind. It had been asserted that, under our opinion, all these claims had in reality been eliminated because the administrator (as shown by his report then before us) had no actual moneys in his hands, and the language quoted was used to call attention to the fact that during the course of administration moneys which in fact belonged to the widow absolutely had been utilized in payment of claims which properly should have been paid out of, and were chargeable upon, the property claimed by the residuary legatee; and that hence claims properly incurred for the use and support of the widow might and should be deemed payable out of the moneys belonging to the widow which had been so expended, and which moneys so constituted a charge upon the residue of the estate of Carl W. Priewe. It will be noted that the supplemental opinion did not attempt to state the exact amount available for the payment of claims for the support, care, and burial of the widow. Thus, in speaking of the moneys borrowed by the administrator, they are referred to as "some $610," whereas the exact amount, as shown by the findings of fact of the trial court then before us, was $610.29. If we had had any intention of fixing the exact amount available for the payment of the claims then in question and other claims of a like nature, we would, of course, have stated the exact amount of moneys so borrowed. This we did not do, and the language used clearly indicated that we did not purport to do so. All we intended to do was to point out that certain funds were or would be available for the payment of the claims under consideration, the exact amount of which was ascertainable by computation based upon the former reports of the administrator.

As we have already indicated, much of the misunderstanding and disagreement in this case is doubtless due to the fact that the property of the widow was treated as the property of the estate, and claims chargeable against her and claims chargeable against the estate and the administrator were commingled, and all treated as claims against the estate and the administrator. In other words, there was a complete failure to recognize the fact that the widow was the owner of a life

estate in all the property; that by virtue of the estate vested in her by the will she was the absolute owner of all income from the property during her lifetime; and was not only entitled to possess and exercise control over the property while she lived, but, if it became necessary, had the right to sell or encumber it.

There ought, however, to be no difficulty in fixing the liability of the administrator in this proceeding. He is entitled to such compensation for his services as the law prescribes, and he is entitled to be reinbursed for whatever moneys he has actually advanced in carrying out the directions of the will and the different orders of the court, whose validity is no longer subject to review. In the report and account dated April 25, 1917, it appeared, and in the determinataion thereof which was brought before this court for review on the former appeal it was determined, that the administrator had borrowed and advanced to the widow $610.29 more than he had received from all sources. This finding we approved, and it necessarily followed, under the views we then expressed, that the administrator was entitled to be reimbursed for such expenditures.

In the final report and account rendered in February, 1920, the administrator showed that he had collected rents for the land and for the three years subsequent to the death of the widow. While these moneys in a sense belonged to the residuary legatee, they were nevertheless, under the views expresesd in our former opinion, properly chargeable, in the hands of the administrator, with what he had expended or advanced for the support and maintenance of the widow, and would also be chargeable with whatever moneys legally belonging to her had been expended in paying off encumbrances on the land. It appears that in such last final report and account the administrator charged, as against the moneys which he had so received subsequent to the death of the widow, the said $610.29 item and interest thereon, and this was allowed by the county court in the order allowing the final report. In the order amendatory thereof, however, such item was disallowed. As already indicated, we believe that this item was properly allowed as a credit in the administrator's account, and that it was error to change the order as as to disallow such item.

The county court disallowed certain claims for the care of the widow, and for services rendered and expenses incurred in connection

with her last sickness and burial, as claims against the estate of Carl W. Priewe, but allowed them as claims against the estate of the widow. So far as we know, the estate of the widow has not been probated. And while the claims for her care, sickness, and burial would, strictly speaking, be claims against her estate, rather than claims against the estate of Carl W. Priewe, we can hardly shut our eyes to the fact that during this long term of years the property and moneys of the widow were treated as part of the Carl W. Priewe estate. Many of the claimants had, during this time, transacted business with the administrator, and, as appears in the former opinion, the administrator had made an agreement for the care of the widow. See 175 N. W. 733. That is, it appears that for more than fifteen years, during the lifetime of the widow, all these transactions were handled as matters relating to the estate of Carl W. Priewe, and were so construed by all of the parties to this proceeding. This being so, we see no reason why at this time this course should be departed from. It would be manifestly unjust to the parties interested at this late date to depart from the course which they mapped out or acquiesced in during this long period of time. We therefore hold that the administrator is entitled to charge as a credit item in his favor in the final account the $610.29, which it was adjudged upon the former trial that he had advanced to the widow in excess of what he had received prior to April 25, 1917. So far as the other moneys are concerned, which in fact—belonged to the widow and which were expended in such manner that the residuary legatee got the benefit thereof,—such as the moneys used to pay for the mortgage upon the land, the value of the personal property converted by the residuary legatee and which we on the former appeal held to constitute a fund from which the claims for the care, support, and burial of the widow might properly be paid,—we are of the opinion that the ends of justice require that they be disbursed by the administrator in— this proceeding to the claimants found to be entitled thereto.

Reversed and remanded, with directions that the cause be remanded to the county court for further proceedings in conformity with this opinion.

GRACE, J. (specially concurring). I agree with the result that has been arrived at in this case. I do not think the filing of the nine dif-

ferent accounts by the administrator had the effect accorded them in the decision in 43 N. D. 509, 175 N. W. 735. Partial accounts of the administrator, rendered from year to year, or from time to time, are permissible and largely operate to keep the probate court informed of the condition of the estate. The final account is, however, the real accounting.

The question of estoppel is not presented in the case. It is neither pleaded nor relied on. We think, however, in this case the proper conclusion and the proper result has been reached.