MURPHY, Exr. v. WIDOWS HOME

Ohio Appeals, 1st Dist., Clermont Co.

No. 77. Decided Nov. 16, 1925

721. LIFE ESTATE—Language in will "I give, bequeath and devise - - - for her use and benefit forever", coupled with power to sell, passes only life estate with power of sale.

1018. REMAINDER—1. Remainder man takes vested remainder subject to being divested by exercise of power of sale.

2. If power of sale not exercised, title becomes absolute in remainder man.

1157. TITLE—Life tenant with power of sale conveys good title to purchaser.

CUSHING, J.

Margaret Knicely and Ella May Knicely jointly owned property in dispute in this action. Upon her death Margaret Knicely devised her interest in property, using the following language:—"I give, bequeath and devise to my beloved niece, Ella May Knicely, all my real estate and personal property for her own use said benefit forever - - - - with full power to sell, mortgage, lease or dispose of the whole or any part thereof. At her death, should anything remain of my estate, I bequeath it to the Old Peoples Home of Cincinnati."

Upon the death of Ella May Knicely, O. W. Murphy, her executor, brought action to sell her property to pay debts and bequests under her will. The Clermont Common Pleas court held that she only had a life interest in the property she took under the will of Margaret Knicely. Error was prosecuted and the Court of Appeals held:

1. A devise made "for her use and benefit", coupled with a power to sell, does not convey fee simple estate, but a mere life estate, with power of life tenant to use or dispose of all or any part of estate.

2. Such life tenant can convey good title to purchaser from her, but if she dies without disposing of it, all her right and title to the property ends with her demise.

## STATE COURT OF APPEALS—Continued

3. The Widows Home and Asylum had a vested remainder subject to being divested in whole or in part by the exercise of the power of sale by the life tenant.

4. As the power of sale was not exercised the title to the property became absolute in the Widows Home on death of the life tenant.

Judgment affirmed.

Attorneys—Murphy & Joseph for Murphy; Maxwell & Ramsey and G. B. Moorman for The Widows Home and Asylum; all of Cincinnati.