### In re INHERITANCE TAX ON DALE'S ESTATE (two cases).

### FIRST NAT. BANK OF GUTHRIE et al. v. STATE et al.

Nos. 22731, 22732.   January 23, 1934.

Harry F. Brown for plaintiffs in error.

J. Berry King, Atty. Gen., and F. M. Dudley, Asst. Atty. Gen., for defendants in error.

OSBORN, J. Causes Nos. 22731 and 22732 present but one issue for determination, and have been consolidated by appropriate order.

Frank Dale and Martha W. Dale, husband and wife, executed a joint will dated August 6, 1929. By the terms of the will each devised to the other all property, real and personal, of which each devisor died seized and possessed, and further provided that upon the death of the survivor the property should pass to certain other devisees.

Frank Dale and Martha W. Dale, hus-Martha W. Dale died on June 25, 1930. At the time of the death of Mrs. Dale, the estate of Frank Dale had not been inventoried and no part of the estate had been distributed.

A hearing was had before the county court on the matter of the computation of inheritance tax against the estate, and the county court ordered that the tax be computed on the estate of Frank Dale only once, and after the death of Mrs. Dale only upon her independent estate, making a total inheritance tax of $6,401.04. The state appealed to the district court, where a hearing was had and the judgment of the county court reversed and an order made that the tax be computed twice, that is, once on the entire estate after the death of Frank Dale, and again on the entire estate after the death of Martha W. Dale, which with her independent estate amounted to a total tax of $12,461.62, or a difference in the two theories of computation of $6,050.58. From said judgment, the executors have appealed. The executors will be referred to as plaintiffs, and the state and State Auditor as defendants.

There is no controversy in regard to the facts. The issue is one of law and requires the determination of the nature of the estate vested in Martha W. Dale by the terms of the will. The material portions of the will are set out as follows:

"The makers of this will and testament were married June 10th, 1885, and at the time of such marriage, neither of us possessed property of any considerable value, either real or personal. Since our marriage, by our joint efforts, we have accumulated real and personal property and money and have both arrived at that age in life when we deem it advisable to make this joint will providing for the distribution of our estate in such manner as we deem just and equitable to those who should be selected as the proper beneficiaries of the proceeds to be derived from the sale and disposal of our properties after we have died.

"With the idea we have in mind of carrying out this purpose, I, Frank Dale, do hereby give and bequeath to my beloved wife, Martha W. Dale, all my property, real and personal and mixed wheresoever situated, to become hers absolutely upon my death, subject only to the provisions hereinafter set forth, and I, Martha W. Dale, hereby give and bequeath to my beloved husband, Frank Dale, all my property, both real and personal wheresoever the same may be situated, to become his absolutely upon my death, subject only to the provisions hereinafter set forth.

"Upon the death of either of us, the survivor shall take and become possessed absolutely of the entire estate herein designated and may use and dispose of the same in such manner as he or she may desire, may make gifts of money or property, or purchase other property as he or she may desire; but upon the death of such survivor

the property of the estate still remaining of which the survivor died seized, shall be divided and descend to the following named parties, who are hereby designated to receive the same. * * * "

Following this provision 36 devisees are designated, divided in two separate groups, one group headed "Heirs of Frank Dale," the other, "Heirs of Martha W. Dale."

Plaintiffs contend that the will, as the will of Frank Dale, bequeathed to Martha W. Dale a life estate in his property, with power of sale or disposal, with a vested remainder over to the 36 devisees named in the will, and that it is subject to inheritance tax but once.

Defendant contends that the will bequeathed to Martha W. Dale an absolute title in fee simple without any remainder over, and that all of Frank Dale's property should be first assessed to Martha W. Dale, and upon her death, which occurred four and one-half months after that of Frank Dale, it should be assessed again, jointly with Martha W. Dale's independent estate to the other 36 devisees named in the will.

Attention is directed to the following statutory provisions: Section 11264 C. O. S. 1921, sec. 1579, O. S. 1931, which provides that a will is to be construed according to the intention of the testator, and where his intention cannot have effect to its full extent, it must have effect as far as possible. Section 11265, C. O. S. 1921, sec. 1580, O. S. 1931, which provides that the intention is to be ascertained from the words of the will taking into view the circumstances under which it was made. Section 11268, C. O. S. 1921, sec. 1583, O. S, 1931, which provides that all parts of a will are to be construed in relation to each other and so as to form one consistent whole, if possible; and section 11272, C. O. S. 1921, sec. 1587, O S. 1931, which provides that the words of a will are to receive an interpretation which will give to every expression some effect rather than one which shall render any of the expressions inoperative.

The construction of wills containing provisions similar to those in the will involved herein has produced a great mass of litigation in the various jurisdictions. Although apparently conflicting, when the specific provisions in the various wills are analyzed, and appropriate regard shown to the intention of the testator, based on surrounding circumstances, there is but little lack of harmony apparent in the adjudicated cases.

The precise question involved herein has not been heretofore presented to this court. It may be helpful, however, to examine a few of our previous decisions in connection with questions of a similar nature.

The case of Porter v. Porter, 97 Okla. 231, 222 P. 971, involved the construction of the will of John W. Porter, which in part provided:

"I give, devise and bequeath one-third of all my estate whatsoever and wheresoever, both real and personal, to which I may be entitled or which I may have power to dispose of at my death to my beloved wife, Eda Porter, absolutely if she be living at the time of my death.

"I give, devise and bequeath all the rest and residue of my property to my wife Eda Porter, to be and remain hers during her widowhood. In the event that my wife should marry again I direct that all the said property above bequeathed to her, except the one-third, shall be given to my said children. * * *"

In determining the nature of the estate vested in the widow, the court said:

"Where a testator, by apt and appropriate words, creates a life estate in his widow, and subsequently by apt words creates a contingent remainder, in his children, such remainder constitutes a conditional limitation on such life estate, and not a condition subsequent.

"In such case, where the life tenant is not given power of disposition, but the executrix of the will is given power to sell, such power of sale in the executrix is not referable or incidental to the life estate created so as to enlarge the same to a qualified or determinable fee and thus defeat the vesting of the remainder created in favor of testator's children."

The parties cite Watkins v. French, 149 Okla. 205, 299 P. 900, 76 A. L. R. 1146. In that case the will of Robert Watkins, in part, provided:

"I give and devise to my wife, Rebecca Watkins, all my property of every nature and kind whatsoever, both real and personal, with full power to sell and dispose of the same in any manner and on any terms that seems to her best, and with no restrictions, except as to such residue and remainder so owned or retained by her at the time of her death, shall pass by the other provisions of this will.

"I give, devise, and bequeath to my children, Jesse J. Watkins, George Watkins, Charley Watkins, Inez Tinch and Grace Lauderdale in equal shares such residue and remainder of my property and estate which may remain after the death of my wife, Rebecca Watkins, in case she survives me, but this provision of this will is in no wise to effect (sic) the right of my wife, Rebecca

Watkins, to sell and use the same for her own support and maintenance, without interference or restrictions."

The sole question presented in said case was whether Rebecca Watkins was vested with an estate by the terms of the will which would make the property subject to execution in favor of her creditors.

The court held that sections 8522, 8523, 8524, C. O. S. 1921, 11877, 11878, 11879, O. S. 1931, were applicable. Said statutes are set out in order as follows:

"Where an absolute power of disposition, not accompanied by any trust, is given to the owner of a particular estate for life or years, such estate is changed into a fee, absolute in favor of creditors, purchasers and incumbrancers, but subject to any future estates limited thereon, in case the power should not be executed, or the property should not be sold for the satisfaction of debts."

"Where an absolute power of disposition, not accompanied by any trust, is given to any person to whom no particular estate is limited, such person also takes a fee, subject to any future estate that may be limited thereon, but absolute in favor of creditors, purchasers, and incumbrancers."

"In all cases where an absolute power of disposition is given, not accompanied by any trust, and no remainder is limited on the estate of the holder of the power, he is entitled to an absolute fee."

This court gave effect to the provisions of the above statutes, applying to creditors, and held that, so far as they are concerned, the widow was vested with a fee-simple estate, which was subject to seizure for payment of her debts. In the instant case, we find that the power of disposition has not been executed, nor has the property been sold for satisfaction of debts; the language of the will is limited by the words contained therein as follows: "subject only to the provisions hereinafter set out."

The state of Wisconsin has a statute practically identical with section 8522, supra. The case of In re Zweifel's Will (Wis.) 216 N. W. 840, presents a situation very similar to that involved here. Jost Zweifel executed a will containing the following provisions:

"I give, devise and bequeath all my property and estate, real, personal or mixed, of whatever name, nature or kind the same may be and wherever the same may be situated, such as I may own, hold or be in any way entitled to at the time of my death or my estate entitled to by reason of

my death, to my wife Emilie Zweifel, for her use and benefit, with full power and authority to sell, convey and dispose of absolutely in fee any part or all of my real or personal property, or both, at such price and consideration and upon such terms and conditions as she may see fit and proper, vesting in my wife, Emilie Zweifel, full power and authority to execute deed or deeds of conveyance with or without covenants of warranty to all intents and purposes, and

"To incumber any or all of my real estate and to execute promissory note or notes, mortgage or mortgages in order to incumber any part or all of my real estate for such sum and upon such terms and conditions as she may see fit and proper, all without any previous application to or license from any court or tribunal;

"To use so much or all of the income or of principal of my estate as she may see fit and proper, even if, by so doing, the whole of my estate should be exhausted and whatever part or portion of my estate, real, personal or mixed should not be sold, disposed of or used by my wife at the time of her death, after the payment of the costs of her last sickness and funeral expenses, I give, devise and bequeath the same as follows:" (making bequests to various persons).

We quote from the body of the opinion:

"It is a general rule that:

" 'Where there is a gift to a person indefinitely with a superadded power of disposal, the donee takes an absolute estate; 31 Cyc. 1089.

"Also, see Moran v. Moran, 143 Mich. 322, 106 N. W. 206, 114 Am. St. Rep. 648, 5 L. R. A. (N. S.) 323 and note; Will of Jansen, 181 Wis. 83, 86, 193 N. W. 972, 49 A. L. R. 5.

"We would find great difficulty in escaping from the effects of these decisions, giving to the wife an absolute estate, if it were not for the Statutes (chapter 232), on 'Powers,' which controls the disposition of real estate. So far as the real estate is concerned, section 2108, now section 232.08 Stats., seems to be applicable to the provisions of this will. It provides:

" 'When an absolute power of disposition, not accompanied by any trust, shall be given to the owner of a particular estate for life or for years, such estate shall be changed into a fee, absolute in respect to the rights of creditors and purchasers, but subject to any future estate, limited thereon in case the power should not be executed or the lands should not be sold for the satisfaction of the debts.'

"The will, as we interpret it, gives the widow absolute power of disposition, not ac-

companied by any trust. Put the provisions in the will for the remainder of the estate existing at the death of the widow, we think, clearly expresses the intent of the testator to create a future estate in his heirs, as therein directed. The result therefore is to create a life estate. absolute in respect to the rights of creditors and purchasers, but subject to the future estate provided by the will.

"The statute only applies to real estate, but we think the statute shows the legislative purpose, which ought to be followed in the disposition of personalty.

"The widow disposed of a portion of the estate, by gift during her lifetime, to her son and daughter. This was for a good consideration, not a valuable consideration, but under the absolute power of disposition, the widow was within her rights in making such disposition. By her will the widow attempted to dispose of the remainder of the estate by bequest to her son and daughter and others. This disposition is contrary to the intent of the testator, as we have determined that intent, and it is contrary to the statutes so far as it affects real estate. We recognize that the term 'dispose' is a broad and comprehensive term, and it is sometimes held to include disposition by will, but where the language of the will is such as to indicate a contrary intent, it will not be given such a broad construction."

In the case of Postlethwaite v. Edson (Kan.) 155 P. 802, it is said:

"The principal clause in a will executed by a husband and wife was as follows:

" 'They and each of them do hereby devise and bequeath to the other surviving, all the estate * * * of which the one dying first shall be seized, or have an estate, claim or interest therein, and to be owned and disposed of by the survivor as he or she may desire, and that upon the death of the survivor, all the estate of the survivor not disposed of by such survivor, is hereby devised and bequeathed to their children * * * in equal parts.'

"Held, that such devise as to any of the property of which the survivor died seized vested in such survivor a life estate, with the added power of disposal, remainder to the children."

In the case of Greenway v. White, 196 Ky. 745, 246 S. W. 137, 32 A. L. R. 1385, it is said:

"Under the rule that the testator's intention is the controlling factor in the construction of a will, an absolute gift with unrestricted power of disposition may be controlled by a subsequently expressed intention to limit the estate granted to less than an absolute one."

In the case of Presbyterian Church v. Mize, 181 Ky. 567, 205 S. W. 674, 2 A. L. R. 1237, it is said:

"* * * It is well settled, in this state, that where property is devised to one absolutely, with the power of unlimited disposition of the property, and, by an after clause of a will it is attempted to devise over an undisposed of remainder of the property, the limitation over is void; but where a life estate only is devised, and the life tenant given a power of disposition, a limitation over of such of the property as may remain undisposed of by the life tenant, at his death, is a valid limitation. Clay v. Chenault, 108 Ky. 77, 55 S. W. 729; Dulaney v. Dulaney, 25 Ky. L. Rep. 1659, 79 S. W. 195; Becker v. Roth, 132 Ky. 429, 115 S. W. 761; Nelson v. Nelson, 140 Ky. 410, 131 S. W. 187; Ball v. Hancock, 82 Ky. 107; Mitchell v. Campbell, 94 Ky. 347, 22 S. W. 549; Moore v. Webb, 2 B. Mon. 282; Watkins v. Watkins (Ky.) 120 S. W. 341; Lee v. Moore, 29 Ky. L. Rep. 495, 93 S. W. 911; McCullough v. Anderson, 90 Ky. 126, 7 L. R. A. 836, 13 S. W. 353; Pedigo v. Botts, 28 Ky. L. Rep. 196, 89 S. W. 164; Payne v. Johnson, 95 Ky. 175, 24 S. W. 238, 609; and many others. * * *"

In consideration of these authorities and those hereinafter cited, we conclude that the majority rule is that where a devise or bequest is in general terms only, expressing neither fee nor life estate and a subsequent limitation over of what remains at the taker's death, if there is also given to the taker an express or implied power of disposition which is not absolute, or is limited or restricted in its exercise, the devise is construed to pass a life estate only. Colburn v. Burlingame, 190 Cal. 697, 214 P. 226, 27 A. L. R. 1374; Williams v. McKinney, 34 Kan. 514, 9 P. 265; Greenwalt v. Keller, 75 Kan. 578, 90 P. 233; Otis v. Otis, 104 Kan. 88, 177 P. 520; Gildersleeve v. Lee, 100 Ore. 578, 198 P. 246, 36 A. L. R. 1166; Kemp v. Kemp, 223 Mass. 32, 111 N. E. 673; Com. v. Manuel, 183 Ky. 48, 208 S. W. 327; Cules v. Dressler, 315 Ill. 142, 146 N. E. 162; Kilpatrick v. Cassel (Tex. Civ. App.) 19 S. W. (2d) 805; Olsen's Will, 165 Wis. 409, 162 N. W. 429; Bateman v. Case, 170 Mich. 617, 136 N. W. 590; Vincent v. Putnam, 127 Misc. 647, 217 N. Y. Supp. 381; Payne v. Reece, 297 Mo. 54, 247 S. W. 1006; Chestnut v. Chestnut, 300 Pa. 146, 151 Atl. 339, 75 A. L. R. 66; Smith v. Field, 98 N. J. Eq. 532, 131 Atl. 521; Selig v. Trost, 110 Miss. 584, 70 So. 699; Smith v. Walker, 118 Me. 473, 109 Atl. 10; Newlin v. Phillips (Del.) 60 Atl. 1068; Priewe v. Priewe, 43 N. D. 509, 175 N. W. 732; Murphy v. Widows Home and Asylum, 21 Ohio App. 174, 151 N. E. 783; Miller v. Potterfield, 86 Va. 876, 11 S. E. 486, 19 Am. St. Rep. 919; Tax Commission v. Oswald,

109 Ohio St. 36, 141 N. E. 678; Sorensen v. Booram (Mo.) 297 S. W. 70.

It is apparent that the estate passing to Martha W. Dale was a limited estate, and the rule announced by the above authorities is applicable hereto.

The judgment of the trial court was based on the case of Donohue v. Skinner (Kan.) 234 P. 1000, which is not in point, for in that case the original devise was absolute and unlimited, in which the testator bequeathed to his wife, "All of my real estate, * * * forever." In a later paragraph, testator attempted to devise and bequeath, at the death of his wife, the estate that "she may have." The court properly held that the first devise was absolute, and the remainder of the will did not operate to limit or lessen the absolute estate so granted. Other cases holding to the same general effect are: Wells v. Brown, 167 C. C. A. 180, 255 Fed. 852; McNutt v. McComb, 61 Kan. 25, 58 P. 965; Thornbrough v. Craven, 284 Mo. 552, 225 S. W. 445; Myer v. Weiler, 121 Iowa, 51, 95 N. W. 254; Garrard v. Kendall (Ky.) 121 S. W. 997; Knight v. Knight, 162 Mass. 460, 38 N. E. 1131; Killefer v. Bassett, 146 Mich. 1, 109 N. W. 21; Feegles v. Slaughter (Tex. Civ. App.) 182 S. W. 10; Totten v. Dawson, 104 W. Va. 274, 139 S. E. 858.

Defendants contend that the rule announced in Re Luques Estate (Me.) 95 Atl. 1021, controls. In that case testator devised certain lands to "Margaret C. Luques, her heirs and assigns forever," and then made further provision that, if she had not disposed of said property during her lifetime or by will, it was devised and bequeathed to sons of the testator.

The holding of the court that the will devised a fee-simple estate instead of a life estate is based upon the following reasoning:

"Samuel W. Luques in direct and simple language has furnished a meaning for the words 'except as hereinafter provided' by which we must be controlled. He says in conclusion:

"'If during the lifetime of my wife she shall not have disposed of the property above given and devised to her, or at her decease disposed of it by will, then said estate and property not disposed of by her I give, devise and bequeath to my sons,' etc.

"It clearly appears that his intention was that the widow should have full power of disposal of all the property devised to her in the will, and no intention to limit her use or disposal thereof was intended by the testator. * * *

"As before stated, the language used cannot be construed to imply any such meaning on the part of the testator, but does authorize the implication of a deliberate intention that the property should be at the free disposal of his wife during her life, by sale, or by her will, and that the same should become a part of 'his wife's estate.' * * *"

This case follows the majority rule hereinabove stated in that there is no limitation whatever upon the power of disposition of the property. It is contemplated by the testator that the devisee should have the right to dispose of the property, not only by gift, sale, or conveyance, but also by will, and very clearly points out the line of demarcation between the vesting of a life estate and a fee-simple title in devises of this character.

We pass now to a consideration of some of the circumstances surrounding the making of the will, together with certain language contained therein, as reflecting the intention of the testator and testatrix.

On August 6, 1929, the date of the execution of the will, the makers were well advanced in years. It is stipulated that when the instrument was executed both testator and testatrix were afflicted with fatal maladies, and were advised by medical experts that their duration of life could not in all probability exceed one year.

The first paragraph above quoted disclosed that each of the parties intended to give full credit to the other in the accumulation of the estate, and evidences an intention, first, to make ample provision for the survivor, and second, to make final disposition of the entire estate. The consideration of the joint makers did not simply extend to each other, but the will indicates a fine consideration on the part of each of them to the heirs of the other. This is shown by the designation in the will of the heirs of each of them, separately, indicating that it was not the intent or purpose of either that the heirs of one should take to the exclusion of the heirs of the other, depending upon which of the makers died first. In the light of these facts, it is evident that, although an absolute power of disposition is given the survivor by conveyance or sale, it was not intended that the survivor should have the power to devise any part of the estate, and to that extent the survivor took a limited, instead of a fee-simple, estate.

The construction of the will by the trial court violates one of the statutory canons of construction, hereinabove quoted, in that it fails to give effect to that portion of the will which deals with the bequests to the

heirs of testator and testatrix, and, in effect, invalidates that portion of the will. Such construction clearly runs counter to the intention of the makers.

In the light of the above authorities, and in line with the obvious intention and purpose of the makers of the will, it is evident that Martha W. Dale received a life estate only, with absolute power of disposal, nevertheless a limited estate, and at her death the 36 devisees took fee-simple title under the will of Frank Dale, she not having exercised her power of disposal, and the estate was subject to inheritance tax only under the will of Frank Dale, and not under the will of Martha W. Dale.

In connection with other questions that might be involved herein, we call attention to the following statement and stipulation contained in the record:

### "Contentions of the Parties

"It is the contention of the estate that upon the death of Frank Dale his estate passed. as follows: a life estate therein to his surviving wife, Martha W. Dale, with a remainder over to the 36 individuals named in the will, which the estate contends are remaindermen.

"The estate further contends that in computing the inheritance tax on said estate that the life interest of Mrs. Dale should be considered and the value of the several remainder shares should be considered as the taxable shares or interests, and the estate contends that such computation is provided for under the inheritance tax laws of the state of Oklahoma.

"The State Auditor, in behalf of the state of Oklahoma, contends that upon the death of Frank Dale, deceased, his entire estate passed absolutely and in fee-simple to his surviving wife, Martha W. Dale, and the inheritance tax due the state of Oklahoma should be calculated and computed accordingly.

"It is further stipulated and agreed by the parties hereto that if the court sustains the estate's contention, the tax upon the transfer of the estate of Frank Dale, deceased, should be computed as set forth in the instrument attached hereto and made a part hereof as exhibit 'C.'

"It is further stipulated and agreed that if the State Auditor's contention be sustained by the court, that the tax upon the transfer of the estate of Frank Dale, deceased, should be computed as indicated and set forth in the instrument attached hereto as exhibit 'D.' "

The judgment of the trial court is reversed, and the cause remanded with directions to take further proceedings not inconsistent with the views herein expressed.

RILEY, C. J., CULLISON, V. C. J., and ANDREWS and BUSBY, JJ., concur.