SAMUEL R. SPARHAWK & others *vs.* WILLIAM J. GOLDTHWAITE & another.

Essex.    November 15, 1916. — January 3, 1917.

Present: RUGG, C. J., LORING, DE COURCY, CROSBY, & CARROLL, JJ.

*Devise and Legacy*, Construction. *Power.*

A testator in his will made the following provisions: "I give, devise and bequeath all my estate, Real, Personal and mixed of which I shall die seized and possessed of to which I shall be entitled at the time of my desease to my beloved wife H, to have and to hold the same to her during her natural life, subject only to the condition, that my brother S . . . shall during his life recieve a comfortable maintainance and support, both in sickness and health, out of my said estate, and I hereby, give to my said wife, H, free power and authority, to use her own descretion as regard the amt nessary for my brother's comfort, I also give my wife free power, and authority to sell and dispose of all and any part of my said estate, and if at any time she shall think it necessary for the comfortable maintainance or support of herself, or of my brother S." The testator devised the residue of his estate after the death of his wife to the three sons of his brother S. Under the power quoted above the testator's widow acting in good faith sold and conveyed certain real estate consisting of a house lot with an old house on it, which was unproductive and a source of expense and was in need of repairs that she could not make without selling an income producing mortgage. *Held*, that the power was exercised properly and that the deed of the widow gave a good title against the remaindermen.

In the same case it was *held* that the power of the widow to sell and convey real estate was not limited to "the actual need of support and maintenance" on the part of herself or of S.

In a deed of real estate made under a testamentary power it is not necessary that the terms of the power should be recited, if an intent to execute the power is shown by the instrument taken as a whole.

WRIT OF ENTRY, dated April 5, 1915, to recover two parcels of land in Marblehead.

In the Land Court the case was tried before *Davis*, J. The demandants were the remaindermen named in the will of William Sparhawk of Marblehead to whom was devised and bequeathed

the residue of the testator's estate after the death of his wife, Harriet E. Sparhawk. The tenants claimed title under a deed from Harriet E. Sparhawk, purporting to be made by her under the power given to her by the will of William Sparhawk.

The will of William Sparhawk was dated November 3, 1884, and contained three articles. The first article named the executor of the will. The second article contained the power in question and is quoted in full in the opinion. The third and last article was as follows:

"Third, After the death of my said wife I give and bequeath to Arthur K. Doliber the sum of Three Hundred Dollars, the rest and residue of my estate then remaining to be equally devided betwen, Samual Reed Sparhawk, Arthur M. Sparhawk, and Frank A. Sparhawk, they to provide for their father Samual Sparhawk 2d in a good and sufficiant manner so that he shall not be obliged to work, but shall have all that is necessary to make him comfortable."

The case was submitted upon an agreed statement of facts, which contained the facts that are stated in the opinion. The demandants asked the judge to make the following rulings:

"1. That the will of William Sparhawk, from whom all parties in interest claim to derive their title, gave Harriet E. Sparhawk a life estate with a limited power to sell and convey, dependent upon the actual need of herself or Samuel Sparhawk for support or maintenance.

"2. That the burden is on the tenants to show that there was such actual need of support and maintenance on the part of Harriet E. Sparhawk or Samuel Sparhawk.

"3. That the power to sell, which was given to Harriet E. Sparhawk by the will of William Sparhawk, did not authorize or empower her to mortgage any part of the estate.

"4. The sale of land by Harriet E. Sparhawk to John M. Ward, and the receipt by her of a mortgage from said Ward, gave Harriet E. Sparhawk a fund or personal property which together with the cash received by her from said Ward, and the other income, she had to exhaust for the support and maintenance of herself and Samuel Sparhawk before she could make a valid conveyance of any portion of the estate so as to cut off the rights of the remaindermen therein."

"6. The record of the deed from Harriet E. Sparhawk to John M. Ward, the record of the mortgage back from John M. Ward to Harriet E. Sparhawk, and the records of all proceedings pertaining to the estate of William Sparhawk in the Probate Court for the county of Essex, were notice to subsequent purchasers that the condition precedent to a valid exercise of the power by Harriet E. Sparhawk, — viz. need of funds for support and maintenance of herself and Samuel Sparhawk, — did not exist.

"7. The failure on the part of Harriet E. Sparhawk to set out in her deed to James N. Parker and others the power under, or the capacity in which she purported to convey, or otherwise to inform them thereof in the said deed, was of itself sufficient to render the said conveyance to James N. Parker and others void and of no effect."

The judge refused to make any of these rulings and made certain rulings requested by the tenants. He ordered that judgment be entered for the tenants; and the demandants alleged exceptions to the refusal of the judge to make the rulings requested by them. They also excepted to three of the rulings made by the judge at the request of the tenants, but these have become immaterial because the exceptions to the making of these rulings were not argued and were treated by this court as waived.

*J. E. Galvin, (C. M. Crowell* with him,) for the demandants. ·

*P. G. Carleton,* for the tenants.

DE COURCY, J. The tenants claim title to the land in controversy by mesne conveyances from Harriet E. Sparhawk, the widow of William Sparhawk. The controlling question in the case is whether there was a valid execution of the power given by his will in the following paragraph:

"Second, I give, devise and bequeath all my estate, Real, Personal and mixed of which I shall die seized and possessed of to which I shall be entitled at the time of my desease to my beloved wife Harriet E. Sparhawk, to have and to hold the same to her during her natural life, subject only to the condition, that my brother Samuel now a resident of Cheyenne, Wyoming, teritory, shall during his life recieve a comfortable maintainance and support, both in sickness and health, out of my said estate, and I hereby, give to my said wife, H. E. Sparhawk, free power and authority, to use her own descretion as regard the amt nessary for

my brother's comfort, I also give my wife free power, and authority to sell and dispose of all and any part of my said estate, and if at any time she shall think it necessary for the comfortable maintainance or support of herself, or of my brother Samuel Sparhawk, 2d."

William Sparhawk died on October 23, 1885. In 1893 the widow conveyed a small triangular portion of the demanded premises for the sum of $30, which was full value therefor. In 1904 she conveyed the remainder of the demanded premises for $1,050, a full and adequate price. Among the findings of fact made by the Land Court are the following: "The demanded premises consisted of a house lot in Marblehead with an old house thereon used as a tenement, very much out of repair and standing next to the factory of the tenant shoe company in a very poor neighborhood for tenants. The widow lived in her husband's former homestead in a very frugal manner, finding great difficulty in paying the premiums for the fire insurance policies on the property of the estate, unable to make proper repairs on the demanded premises, and complaining of the sums of money called for by her brother-in-law, the said Samuel Sparhawk, for his support up to the time of his death in 1906. . . . She stated to the agent who arranged the sale that the demanded premises were a drain upon her, that she was unable to collect any rents, which I find was a fact, and that it was, therefore, necessary for her to sell. . . . I find that at the time of the sale it was necessary for her to use some portion of the principal of the estate, and that if she had the power to exercise her discretion then she exercised it wisely and to the advantage of the demandants in selling the demanded premises, which were unproductive, a source of expense and in need of repairs which she could not make, and in keeping the income producing mortgage; and I find that she acted in good faith."

It is plain from the language of the second clause of the will that the testator's principal purpose was to furnish comfortable support and maintenance for his widow; and, subject to her discretion, to provide for the support of his brother Samuel. In addition to the income of his estate, he gave her unlimited power to sell all or any part of it, — if we take the language of the last sentence literally. Even eliminating the word "and," and thereby expressing more clearly what presumably was his real intention,

the power was broad enough to authorize such sale as she, acting in good faith, should deem necessary to provide comfortably for herself and Samuel. *Hoxie* v. *Finney*, 147 Mass. 616. *Dana* v. *Dana*, 185 Mass. 156. *Griffin* v. *Kitchen, ante*, 331.

The foregoing disposes of the demandants' first and second requests for rulings; her power to sell was not restricted to her "actual needs." The third was not applicable to the facts, as Mrs. Sparhawk did not mortgage the land in controversy, nor any other so far as appears. The fourth and sixth were rightly refused. In the exercise of the wide discretion to sell all and any part of the estate, real and personal, on the findings she wisely sold the nonproductive property in 1893, and retained the income producing mortgage. Indeed it was to the advantage of the demandants that she did not spend the mortgage money in repairing the old house, but kept it, using a portion for the support of Samuel until his death in 1906, and of herself until she died in October, 1911.

The seventh request, which applies only to the deed of the small lot, is disposed of by the cases of *Gould* v. *Mather*, 104 Mass. 283, 290, and *Ladd* v. *Chase*, 155 Mass. 417.

The demandants have not argued their exceptions to the rulings given at the request of the tenants, and we treat them as waived.

*Exceptions overruled.*