[S. F. No. 8557. In Bank.—March 2, 1918.]

In the Matter of the Trust Created by the Last Will of WARREN B. EWER, Deceased; JESSE L. HEALY, as Special Administrator, etc., Appellant; ALFRED EWER, Respondent.

ESTATES OF DECEASED PERSONS—UNCERTAINTY IN DECREE OF DISTRIBUTION—RESORT TO WILL.—While a will cannot be used to impeach a decree of distribution, it can be used to explain it where the decree, taken alone, is uncertain, vague, or ambiguous.

ID.—CONFLICT BETWEEN WILL AND DECREE—RULE OF CONSTRUCTION.—The rule that a decree of distribution shall prevail over the terms of the will where the two are in conflict, being one of necessity only, should not apply where the necessity does not exist, and if

reasonably possible the decree should be construed so as to be consistent with the will, and so as to incorporate the will into it as a part of its direction rather than to give it a meaning which conflicts with the provisions of the will.

ID.—CONSTRUCTION OF WILL—TRUST.—Where a will devised a certain sum of money to a trustee to invest and pay the income to a designated beneficiary, and provided that at her death the unexpended principal should be delivered by the trustee to one in the will named as residuary legatee, or his surviving child or children should he not survive the beneficiary under the trust, the residuary legatee, upon the death of the beneficiary, was entitled to receive the trust fund in preference to the heirs of the latter.

APPEAL from an order of the Superior Court of Alameda County settling the final account of a trustee under a decree of distribution. Wm. S. Wells, Judge.

The facts are stated in the opinion of the court.

Watt, Miller, Thornton & Watt, for Appellant.

Carter P. Pomeroy, for Respondent.

SHAW, J.—The decree of final distribution of the estate of Warren B. Ewer, deceased, recited "that in accordance with the provisions of the last will and testament of said deceased the said residue now remaining in the hands of said executor should be distributed as follows: To Ora S. Ewer, widow, $5,000.00. To Eliza B. Ewer, surviving daughter, $500.00 . . . To Chas. E. Naylor, as trustee for Eliza B. Ewer, $25,000.00." The decree then provided "that the residue of said estate hereinabove particularly described and mentioned be, and the same is hereby distributed as follows: To Ora S. Ewer, widow, $5,000.00. To Eliza B. Ewer, surviving daughter, $500.00. To Chas. E. Naylor, as trustee for Eliza B. Ewer, $25,000.00."

The will of Warren B. Ewer bequeathed twenty-five thousand dollars to Chas. E. Naylor on certain trusts therein described, and provided that upon the death of Naylor the Mercantile Trust Company should succeed him as such trustee. Naylor afterward died and the Trust Company was substituted as his successor. Eliza B. Ewer, the beneficiary named in the decree, died on January 4, 1917. The appellant, Jesse L. Healy, was thereupon appointed special administrator of

her estate. After her death the Trust Company filed its final account and asked that the trust be closed and that the *corpus* of the estate be ordered distributed to the party entitled thereto. Upon the hearing of this account and petition Healy, as administrator of Eliza B. Ewer's estate, appeared and asked distribution of the balance remaining in the hands of the trustee, on the ground that the decree of distribution vested the title thereto absolutely in Eliza B. Ewer, and that upon her death it descended to her heirs and became a part of her estate. Alfred Ewer also appeared and claimed that by the terms of the trust he was entitled to distribution of the said residue remaining in the hands of the trustee. The court held in favor of Alfred Ewer and ordered that the residue be paid over to him by the trustee. From this order Healy appeals.

It is the contention of the appellant that the direction in the decree of distribution of the estate of Ewer to distribute twenty-five thousand dollars to Chas. E. Naylor, "as trustee for Eliza B. Ewer," is unconditional and positive, and that no other person is thereby given any interest in the property; that the beneficial interest and equitable title vested in Eliza B. Ewer accordingly, in consequence whereof at her death it descended to her heirs. The respondent claims that by virtue of the reference in the decree to the last will of Warren B. Ewer the court may look to said will to determine the nature of the trust upon which Naylor was to hold the money distributed to him.

We are of the opinion that the contention of the respondent is correct. The rule is well established that where the decree of distribution is contrary to the provisions in the will, the decree controls and prevails over the terms of the will with respect to the distribution of the property; in other words, that the will cannot be used to impeach the decree of distribution. (*Goad* v. *Montgomery,* 119 Cal. 557, [63 Am. St. Rep. 145, 51 Pac. 681]; *McCloud* v. *Hewlett,* 135 Cal. 368, [67 Pac. 333].) But while the will cannot be used to impeach the decree, it can be used to explain it where the decree taken alone is uncertain, vague, or ambiguous. In *McCloud* v. *Hewlett, supra,* the court said: "It is true that the judgment is a final determination of the rights of the parties to the proceeding, and that the will cannot be used to impeach the judgment, although it may be referred to in aid of the judgment where

necessary." A similar ruling was made in *Horton* v. *Winbigler*, 175 Cal. 149, [165 Pac. 423, 428]. The direction to pay the twenty-five thousand dollars to Chas. E. Naylor, as trustee for Eliza B. Ewer, gives no information as to the nature of the trust upon which the money was to be held. The decree further provided that Naylor should be required to give a bond as trustee before distribution was made to him, and it also named Alfred Ewer as the "residuary legatee." The finding that the residue remaining in the hands of the executor should be distributed "in accordance with the provisions of the last will and testament of said deceased," together with the other references in the decree, sufficiently incorporated the provisions of the will into the decree for the purposes of reference to aid the decree and ascertain the nature of the trust. The will was a part of the record of the proceedings in the estate, and it may therefore be considered for the purpose stated. Turning to the will, we find that it bequeathed to Naylor as trustee, twenty-five thousand dollars "to be held by him and finally disposed of by him or his successor as hereinafter specified." The money was to be invested by the trustee so as to produce an income. Such income was to be paid to Eliza B. Ewer, daughter of the decedent, and at her death, "the unexpended portion of the principal sum thereof shall be delivered by my said trustee to my residuary legatee hereinafter named, or to his surviving child or children should he not survive my said daughter, my intention being that when my said daughter is deceased the said principal sum of twenty-five thousand dollars or the remainder thereof shall go to and will have been delivered by said trustee or his successor to my said residuary legatee or to his surviving children." The will also declared: "I give, bequeath and devise unto my nephew, Alfred Ewer . . . all the rest, residue and remainder of my property and estate of whatever kind and description, and wherever situated, including therein the unused or unexpended balance of the aforesaid sum of $25,000.00 comprising the trust fund herein created." Interpreting the decree in connection with the will, therefore, the nature of the trust is made entirely clear. The trustee named, or his successor in case of his death, was to use the income for the benefit of the daughter, Eliza B. Ewer, during her lifetime, and was then to deliver the unexpended balance to the residuary legatee, Alfred Ewer.

Taking the two documents together, there is no ambiguity or doubt in regard to the final distribution of the trust estate. The rule that the decree of distribution prevails over the provisions of the will where the two are in conflict is one of necessity. It should not be applied in cases where the necessity does not exist, and if reasonably possible the decree should be construed so as to be consistent with the will, and so as to incorporate the will into it as a part of its directions, rather than to give it a meaning which conflicts with the provisions of the will. There was no controversy as to the meaning of the will, and we cannot ascribe to the court any purpose or intent to dispose of the estate contrary to its terms. While a single phrase of the decree, apart from the context, though indefinite in itself, could possibly be construed as a distribution of the fund absolutely to Eliza B. Ewer, yet the decree as a whole shows that the intention of the court making it was to give the fund over to the trustee to hold and dispose of it upon the trust stated in the will, and in accordance therewith. It should therefore be given that effect. We think the court below properly directed that the money be paid to the residuary legatee, the respondent herein.

The order is affirmed.

Wilbur, J., Victor E. Shaw, J., *pro tem.*, Sloss, J., Richards, J., *pro tem.*, Melvin, J., and Angellotti, C. J., concurred.