[L. A. No. 7282.  In Bank.—March 30, 1923.]

# CHARLES B. COLBURN et al., Appellants, v. LEORA W. BURLINGAME, Respondent.

[1] WILL—LIFE ESTATE—REMAINDER.—Where a will bequeathed to the wife of the testator "the entire handling and control of any and all of my real estate and any and all my personal property of any and every name, nature or kind—wheresoever situated—To have and to hold, occupy or use the whole or any part thereof in such manner as may in her judgment seem best for her own individual benefit and support without any hindrance on the part of any person or persons wholly confiding in and believing my beloved wife will not allow said property to depreciate or go to waste," and by a subsequent paragraph any and all property remaining at the wife's decease was given to the brothers and sister-in-law of the decedent, the wife's bequest constituted a life estate, although with power to consume the principal of the estate, with remainder over of unconsumed property to the brothers and sister-in-law.

[2] ID.—ACTION FOR ACCOUNTING BY REMAINDERMEN—INSUFFICIENCY OF COMPLAINT.—In an action by the remaindermen under such will to compel the life tenant to account for property which came into her possession under the will and to restrain her from selling, disposing of or encumbering any of the *corpus* of the estate and to give security to protect their interest, the complaint does not state a cause of action, where it is based upon the theory that the use of the estate to contribute to the support of the second husband of decedent's widow is not within the purposes of the life estate.

[3] ID.—LIFE TENANT — REMAINDERMEN — SECURITY. — The rule as to the giving of security by a life tenant to the remaindermen is one of equity established by the courts for the protection of the remainderman in the absence of any direction in the will; but the rule thus established must yield to the terms of the will; and if it appears from a proper construction of the will that it was the intention of the testator that the property should be placed in the possession of the life tenant without security, such intention will be carried out.

1. Estate created by devise of life estate coupled with absolute power of disposition, notes, 9 Ann. Cas. 947; Ann. Cas. 1912B, 424; Ann. Cas. 1916B, 575; Ann. Cas. 1916D, 400.

Right of one to whom estate is devised for life, with power to consume, to convey a good title, note, 13 L. R. A. (N. S.) 458.

APPEAL from a judgment of the Superior Court of Los Angeles County. Chas. S. Burnell, Judge. Affirmed.

The facts are stated in the opinion of the court.

Flint & MacKay, William A. Bowen and Flint, MacKay & Bowen for Appellants.

Collier & Labarere for Respondent.

KERRIGAN, J.—This action was brought for the purpose of requiring defendant, Leora W. Burlingame, to render an account of property which had come into her possession under the will of her deceased husband, it being alleged in the complaint (indirectly, it is true) that her interest therein is a life estate limited to certain purposes, and that certain expenditures being made by her are not within those purposes. The relief asked also included an injunction to restrain said defendant permanently from selling, disposing of, or encumbering any of the *corpus* of said estate, which consists entirely of personal property, and a bond to protect the interest of the plaintiffs as remaindermen.

A demurrer, both general and special, having been interposed to the complaint, it was sustained without leave to amend, the plaintiffs declaring that they did not desire such leave. The plaintiffs other than Dora W. Macauley appeal from the judgment in favor of said defendant entered following such order.

It appears from the allegations of the complaint that the defendant is the widow of Leslie H. Colburn, having remarried since his decease, and the plaintiffs are his brothers and sister-in-law. Leslie H. Colburn was a resident of Pennsylvania and died in that state. He left a will, which was there admitted to probate, and in due course the entire estate was distributed to said defendant, without bond for the protection of the interest of any other person.

The controversy between the parties arises upon the construction of certain provisions of this will, namely, the second and fourth paragraphs thereof, but principally the former.

Said paragraph 2 reads as follows:

"I Give, Devise and Bequeath to My beloved Wife Leora I. Colburn the entire handling and control of any and all

of my real estate and any and all my personal property of any and every name nature or kind—wheresoever situate—To have and to hold, occupy or use the whole or any part thereof in such Manner as may in her judgment seem best for her own individual benefit and support without any hindrance on the part of any person or persons wholly confiding in and believing my beloved wife will not allow said property to depreciate or go to waste.''

The third paragraph then gives the estate to the mother of the deceased and the mother of the defendant in the event of the latter's death. She, however, has survived them, which brings into operation the fourth paragraph of the will, which is as follows:

''It is my wish and will and I do so direct that in case of the decease of my mother Mrs. Eliza A. Colburn and the mother of my beloved wife Mrs. P. M. Westbrook and my beloved wife Leora I. Colburn shall yet be living, then and in such case I Give, Devise and Bequeath any and all my real estate and any and all personal property of any and every name nature or kind wheresoever situate at the time of the decease of my beloved wife Leora I. Colburn. To my Brothers then living and to my beloved wife's sister Mrs. Dora L. Nehrbass jointly and severally the remainder of my estate Share and Share alike.''

As we have seen, the brothers and sister-in-law so mentioned are the plaintiffs in the case.

The appellants' first contention is that the will of the deceased, reading paragraphs 2 and 4 together, gives to the widow a life estate only, with remainder to the persons mentioned in said fourth paragraph, including themselves, and upon the distribution of the estate only such life estate was distributed to her, and their opening brief contains the statement that the demurrer to their complaint was sustained upon the ground that by said will the widow was bequeathed an absolute estate in all the property of the decedent, the result of which would be that their complaint failed to state a cause of action. There is nothing in the order of the court sustaining the demurrer which indicates that this was the ground of the court's action; and, of course, if sustainable upon any ground, it will not here be disturbed.

The allegations of the complaint are very meager as to the terms of the decree of distribution; but it sufficiently appears therefrom that the interest distributed to the defendant was that directed by the decedent's last will and testament, reading together paragraphs 2 and 4 thereof hereinbefore set forth. [1] That the provision made for the defendant by said will constituted a life estate, although with power to consume the principal of the estate, we have no doubt. By paragraph 2 the entire estate is given over to her to be used for her individual benefit and support, and at her death the remainder, that is, the part of the estate unconsumed by her, is, by paragraph 4, given to the testator's brothers and sister-in-law. The rule of construction here applicable is that stated in *Hardy* v. *Mayhew*, 158 Cal. 95 [139 Am. St. Rep. 73, 110 Pac. 113], where it is said: "It appears to be settled by the overwhelming weight of authority that the mere fact that the first taker is invested with the power to dispose of or consume the whole of the property for certain purposes does not invest him with the absolute ownership thereof and render the gift over void where, taking the whole instrument together, it is concluded that the intent was to give only an estate for life with limited power of disposal or consumption," and the rule thus announced was followed in *Luscomb* v. *Fintzelberg*, 162 Cal. 433, 440 [123 Pac. 247].

This is also the construction given to bequests and devises by the courts of Pennsylvania, where the will here under consideration was executed and the testator's estate distributed.

The case of *Allen* v. *Hirlinger*, 219 Pa. St. 56 [123 Am. St. Rep. 617, 13 L. R. A. (N. S.) 458, 67 Atl. 907], is quite similar in its facts to the present, and the questions here arising were there considered, and many of the cases cited in the briefs of appellants and respondent are there referred to. We cannot do better than quote from the opinion written by Mr. Chief Justice Mitchell:

"The testator directed the payment of his debts and a small legacy to his daughter and then devised the residue of his estate to his wife for life or widowhood with permission to use and live therefrom and to have the full ownership, the same as he had himself during his life, and at her death whatever should remain to be given to his daughter.

"The class of wills to which this belongs presents inherent difficulties in construction by their indication of an intent not accurately defined in the testator's own mind, if not of double and to some extent conflicting intents. The testator gives to the first taker the estate, or, what is practically the same thing, the power to consume the whole, and yet manifests his expectation at least, if not his intention, that it shall not all be consumed. These two purposes, manifestly present in his mind, but not accurately defined, and their possible conflict perhaps not perceived at all, at once raise the question, Has the will limited the estate given, or has it attempted to deprive the estate given of some of its essential legal properties? The cases must be classified on this line of distinction. In *Good* v. *Fichthorn*, 144 Pa. St. 287 [27 Am. St. Rep. 630, 22 Atl. 1032], it was said: 'The true test of the effect of language apparently at variance with other parts of the devise, is whether the intent is to give a smaller estate than the meaning of the words of the gift standing alone would import, or to impose restraints upon the estate given. The former is always lawful and effective; the latter rarely, if ever; the first, because the testator's intention is the governing consideration in the construction and carrying out of a will; the second, because even a clear intention of the testator cannot be permitted to contravene the settled rules of law by depriving any estate of its essential legal attributes.' While similar language has been differently construed in different wills, yet the difference has been in the application, not in the guiding principle. The effort has uniformly been to discover the actual principal intent of the testator, and where that has been clear there is no case in which it has been departed from. . . .

"Taking up the present will in view of the foregoing principles it does not appear to leave any doubt as to the testator's actual and main intent. The words are 'Third All the balance, or whatever may remain then of my estate, real, personal and mixed, I give, devise and bequeath to my beloved wife Leonora whom I desire to be the real owner thereof, and for her only proper use, benefit and behoof during her natural life, or so long as she remains my widow, with full permission to her to use and live therefrom as her necessities may require, and she to have the full ownership

thereof the same as I now have and have had during my natural life.

" 'Fourth. When my beloved wife dies my will is whatever may then remain of my estate, real, personal or mixed, I desire that the same remaining portion, if any, be given to my beloved daughter Mary.'

"The gift to the widow is of the estate, she to be 'the real owner thereof' and 'with full permission to her to use and live therefrom as her necessities may require.' And she is 'to have the full ownership thereof the same as I now have and have had during my natural life.' It is plain that he meant her to have whatever her necessities should require, even to the extent of the entire estate, as he had himself undoubtedly had during his lifetime. . . . There was no limit put on her use. If she needed the whole she was to have the whole. But it is plain that he did not think she would need the whole, and expected that there would be something left, and this residue, be it much or little, he gave to his daughter. . . . The appellant does not have a fee simple, for she could not make a valid devise of what may be left at her death as that would go under the testator's will to his daughter. But appellant has an unlimited power to consume, and, as said in the very analogous case of *Kennedy* v. *Pittsburg & L. E. R. R. Co.*, 216 Pa. St. 575 [65 Atl. 1102], the power to consume real estate necessarily includes the power to convey. Her deed therefore will convey a good title."

So in the case at bar, the provisions of the fourth paragraph of the will, giving to the plaintiffs what is left of the estate upon the death of the defendant, make it quite clear that the testator intended to give to his wife only a life estate.

[2] It does not follow, however, that the plaintiffs are entitled to the relief here sought. As already noted, they seek to enjoin the defendant from disposing of the *corpus* of the estate, and ask that she shall be compelled to furnish a bond to protect their rights as remaindermen. The averments of the complaint upon which they ground this demand are the following:

"IX. That plaintiffs and each of them are informed and believe, and therefore allege, that Merton S. Burlingame, husband of said defendant, shortly after his marriage to her

in the year 1920, gave up his employment in Chicago and has not since been employed, and that since their marriage said Merton S. Burlingame and Leora W. Burlingame have been living together in Chicago and California, and that the said Merton S. Burlingame had and has no means of his own to support himself and/or his wife, and that during the period said Merton S. Burlingame gave up his employment and married said defendant, said defendant Leora W. Burlingame has and is contributing to the support and maintenance of said husband from the property of the said estate contrary to the last will and testament of Leslie H. Colburn, deceased, and to the detriment of the plaintiffs herein; that by so contributing to the support of her said husband, Merton S. Burlingame, said defendant is diverting the said life estate to a purpose other than that authorized and directed by the said will of Leslie H. Colburn, to the irreparable injury and damage of the remaindermen under said will, to wit, the plaintiffs herein.''

"XXI. That the plaintiffs are informed and believe that the defendant has threatened to, or intends to continue to divert the property of her life estate to uses other than those contemplated by the said will.''

"XXIII. That the defendant is selling off portions of said stock and using the same for purposes not contemplated by the will, and therefore is reducing the *corpus* of the life estate, to the irreparable injury and damage of the plaintiffs as remaindermen.''

It is apparent that the last two paragraphs state demurrable conclusions of the pleader as to what uses or purposes are contemplated by the will, and that the point of the demurrer under this phase of it is directed to said paragraph IX, namely, that the defendant is contributing to the support of her husband. It is the appellants' contention that she cannot lawfully use the property of the estate for this purpose, and it is based upon plaintiffs' construction of paragraph II of the will hereinbefore set out, as there is not elsewhere in said will (which is set out *in haec verba* in the complaint), any restriction upon defendant's use of the property.

We are of the opinion that in view of the very broad language in which the bequest to the defendant is couched this contention is untenable.

The life estate of the defendant is in the whole of the property of the estate, "to have and to hold, occupy or use the *whole or any part thereof in such manner as may in her judgment* seem best for her own individual benefit and support *without any hindrance on the part of any person or persons, wholly confiding in and believing my beloved wife will not allow said property to depreciate or go to waste.*"

It is seen that the right of the defendant to use the property is not confined to that necessary for her support; she may use it for her *benefit*—a term much broader than support; and she is made the judge of what is for her benefit; and she is to exercise that judgment *without any hindrance on the part of any person or persons*—a plain warning to these plaintiffs to keep hands off. For the preservation of the property the testator wholly confides in his wife. The defendant, it appears, has remarried, and for a time lived with her husband in Chicago. Having ample means—the value of the estate amounting to some ninety thousand dollars—the not unnatural desire arises in her to remove to California, or at least to live there during a part of the year. Should she leave her husband toiling and moiling in Chicago? Presumably she gave this question full consideration and concluded that it would be for her benefit that he should accompany her west. We can readily perceive that it might be much to her advantage that he should do so; and if in her opinion her life is made pleasanter or more to her liking by the freedom of her husband from the irksome demands of business we perceive no reason why, under the wide discretion she enjoys as to what expenditures are for her benefit, the expense of their common life may not be included under this head.

We can imagine expenditures which would be neither for her support nor benefit, the indulgence in which would give to the remaindermen a right to protection by appropriate legal remedy; but until the defendant uses the funds of the estate for a purpose much more remotely connected with her individual benefit than contributing to the support of her husband the plaintiffs must be content to leave the defendant in the undisturbed enjoyment of the estate bequeathed to her by the testator. As is said in 17 R. C. L., section 17, page 627: "Where the testator has

directed that the life tenant have possession of the funds, the matter of exacting security is regarded as discretionary with the court; and if the testator has not seen fit to require such security the court will not require it, unless it is shown that there is danger of loss either because of the irresponsibility of the life tenant, his removal of the estate beyond the jurisdiction of the court, or some similar reason, since the requirement of security might impose upon the life tenant a burden which he could not discharge and thus the intention of the testator would be defeated. . . . If the instrument by which the life estate is created gives the life tenant the power to encroach upon the principal at discretion no security will be exacted.''

[3] The same principle is laid down in 14 A. L. R. 1070, and is followed in our own state, where, in the case of *In re Garrity,* 108 Cal. 463, 471 [38 Pac. 628], it is stated as follows: ''The rule (as to the giving of security by the life tenant to the remainderman) is one of equity, established by courts for the protection of the remainderman, in the absence of any direction in the will; but the rule thus established must yield to the terms of the will; and if it appears from a proper construction of the will that it was the intention of the testator that the property should be placed in the possession of the life tenant without security, such intention will be carried out.''

It appearing from the complaint in this case, as we have seen, that the life estate given to the defendant is coupled with power to consume the whole thereof for the purposes indicated; that the expenditures being made by the defendant from the funds of the estate have not so far transgressed those purposes, and that the testator has directed that the estate should be placed in the control of the defendant, without requiring any bond or security, the plaintiffs have not stated a case entitling them to the relief sought or any relief. The trial court, therefore, properly sustained the demurrer.

The judgment is affirmed.

Lennon, J., Seawell, J., Myers, J., Lawlor, J., Wilbur, C. J., and Waste, J., concurred.