JOHN P. LAUB ET AL., APPELLEES, V. DONALD LAUB ET AL.,
APPELLEES: WINNIE LAUB ET AL., APPELLANTS.

FILED JULY 17, 1931. No. 27839.

C. C. Flansburg, for appellants.

Ross & Sampson, Horth, Cleary & Suhr, P. S. Heaton and Donald Laub, contra.

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

DEAN, J.

November 17, 1907, William Laub, hereinafter referred to as the testator, died testate. His widow, Margaret C. Laub, and his sons John P., Alvin S., William E., and Daniel E. Laub, and two married daughters, namely, Mary E. Costello and Alice R. Parsons, survived him. But Alvin S., William E., and Daniel E. Laub have died since the death of the testator. Under the will of the testator, which is

dated April 9, 1906, his wife is named as the executrix of his estate, which consisted of about 800 acres of farm land in Merrick county and some personal property.

Under the terms of the will, provision is made that all of the testator's real and personal property shall become the property of his wife upon his death, and that, upon her death, all of the residue of the property then remaining, both real and personal, shall become the property of the testator's children, or their issue, and that each shall share alike in such property. The fourth paragraph of the will follows. .

"I do hereby nominate and appoint my beloved wife, Margaret C. Laub, executrix of this, my last will and testament, hereby authorizing and empowering her to compromise, adjust, release and discharge in such manner as she may deem proper, the debts and claims due me. I do also authorize and empower her, if in her opinion it is beneficial or becomes necessary, for the purpose of preventing a sacrifice of said estate, or any part thereof, to mortgage the real estate, or any part thereof, belonging to said estate, for such time and upon such terms and conditions as she may deem proper. I do also authorize and empower her if it shall be necessary, in her opinion, for her support, maintenance, care and comfort, or in order to pay my debts, as such executrix, to sell by private sale, or in such manner, upon such terms of credit, or otherwise, as she may think right and proper, all or part of my real estate, and deeds to purchasers to execute, acknowledge and deliver in fee simple."

The executrix and certain of the decedent's children, hereinafter referred to as the plaintiffs, sought to have the terms of the will construed in respect of the authority and power of the executrix "to mortgage her life estate, and regarding her authority and power to sell said lands."

It is alleged that, since the death of the testator, the executrix has made loans and advancements to certain of her children from her private funds and estate, in the

following sums, namely: To John P. Laub, $966.30; to Alvin S. Laub, $900; to William E. Laub, $700; to Mary E. Costello, $700; and to Alice R. Parsons, $2,000. The plaintiffs allege that such sums will be repaid to the widow when the land is sold, and that such sums should be deducted from the distributive shares of each of those to whom such money was advanced. It appears that on or about March 26, 1928, the executrix and her son Daniel E. Laub, since deceased, as above noted, executed two certain promissory notes, in favor of the trustee of the Farmers National Bank of Central City and the Chapman State Bank, in the sums of $4,835 and $1,980, respectively, each bearing interest at the rate of 7 per cent. per annum until paid. As security for the above two notes, a mortgage deed was executed by the executrix and her son involving the land herein. It also appears that the Chapman State bank obtained a judgment against John P. Laub and the executrix in the sum of $3,130.27, with interest thereon at the rate of 8 per cent. per annum.

The court found and decreed that, under the terms of the testator's will, the executrix possessed the right to mortgage or sell the lands involved herein. The court also found that the executrix is now 76 years of age, and that she had a life expectancy of 6.69 years. And the court found that the net rental value of the premises herein is $3,000, and that the present value of her life estate in the lands in suit amounts to $20,000, or approximately that sum. The court also decreed that the executrix was entitled to be reimbursed for the payments made by her of certain liens against the lands of the testator, in the sum of $4,500, from her own money.

Thereafter, in December, 1930, the land involved herein was sold at a referee's sale to various buyers and the amount of money so realized amounted to $61,840, and in the report of the referee it is pointed out that at the sale a down payment was made by each of the purchasers of 15 per cent. of the amounts bid by the respective purchasers.

Objections to the confirmation of the sale were filed by the defendants Winnie Laub and Paul Laub, which were overruled by the court, and we think justly so. Thereupon the court ordered that deeds be issued to the various purchasers of the property in suit. And the court also found and decreed that the present value of the executrix' life estate in the property was $19,500, and that such money should be awarded to her in lieu of her life estate. And in respect of the amounts due the defendant banks, the court ordered that such amounts be paid the banks from the interest of the executrix in the land involved herein.

In *Sparhawk v. Goldthwaite,* 225 Mass. 414, a testator bequeathed certain property to his wife, but with a proviso in the will that she should be entitled to dispose of any part of the property for her sustenance and comfort. It was held that the power was properly exercised and that a deed of conveyance for such property conveyed a valid title as against the remaindermen. In *Warren v. Ingram,* 96 Miss. 438, this rule was announced:

"A devisee has power to convey lands in fee simple where they were devised to her 'to have and to hold during her life and to do with the same as in her judgment she may deem best.' "

And, in a somewhat similar case entitled *Hoxie v. Finney,* 147 Mass. 616, the court there held that the widow, in good faith, might reserve a life estate in real estate and sell the remainder to obtain means for her support. To the same effect is *Yetzer v. Brisse,* 190 Pa. St. 346. In *Phelps v. Harris,* 101 U. S. 370, it was held that the power to "sell and exchange" included the power to make a partition of the land involved in the action. And in *Colburn v. Burlingame,* 190 Cal. 697, the court held that a provision in the testator's will that his wife might use certain designated property for her "benefit" was broader than a mere provision for her "support." In *Kent v. Morrison,* 153 Mass. 137, the court held that the wife there took a life estate, with an absolute and unrestricted right to convey the real estate,

and this included the power to mortgage the property. In *Allen v. Hirlinger*, 219 Pa. St. 56, 13 L. R. A. n. s. 458, where property was devised to one for her use during her natural life, and the will also provided that she was to have full ownership thereof, the court held that a good title might be conveyed, even though the will also undertook to devise to another what was left at the death of the first taker.

In the present case, the only parties who complain of the decree and judgment of the district court have no vested interest in the estate. In fact, they are given more by the decree than in law they were entitled to. The widow under the will was entitled to hold all of the estate during her entire lifetime, and to mortgage and sell so much of it as was necessary for her support and maintenance. Since the decree entered works no injury or harm to the appellants, they have no just ground for complaint. The only one who would have a right to object to the partition is the widow of decedent, who is the executrix. She is not objecting to, but asking for, partition and sale of the premises. Since those who complain have not been harmed, they are not in a position to raise any valid objection to the decree entered.

The judgment is therefore

AFFIRMED.