[Civ. No. 32843. Second Dist., Div. Two. Apr. 2, 1969.]

In re John E. Lewis to Establish Fact of Death of ADA F. LEWIS, Deceased. JOHN E. LEWIS et al., Petitioners and Respondents, v. HOUSTON I. FLOURNOY, as State Controller, Objector and Appellant.

Joseph D. Lear, Walter H. Miller and William L. Baugh for Objector and Appellant.

Price, Postel & Parma and Gary R. Ricks for Petitioners and Respondents.

ROTH, P. J.—The State Controller appeals from an order of the trial court which held that the estate of Ada F. Lewis, also known as Ada Fannie Lewis or Ada Read Lewis (decedent), owed no inheritance tax on various *inter vivos* transactions involving property or the proceeds thereof which passed to the decedent under the will of her husband, Thomas Benton Lewis (husband), who predeceased her.

The stipulated facts are: The decedent died on February 21, 1965. Her husband died on May 3, 1918, leaving a will. Decedent and her two sons were named executors and the will was duly probated in Santa Barbara. The pertinent dispositive provision of the will reads:

"SECOND:—I hereby give, devise and bequeath to my beloved wife, Ada Fannie Lewis, all the property of my estate, both real and personal, of whatsoever kind or character, and wheresoever situated, for her use and maintenance, with full power to sell any or all of said property as she may see fit; and I further direct that upon her death any of my estate that is then remaining shall be divided equally, share and share alike, among my six children, to-wit:—George Benton Lewis, Frank Read Lewis, James Raymond Lewis, Thomas Ralph Lewis, Anna Irene Lewis, and John Edwin Lewis.

"Should any of my said children pre-decease my said wife, then and in that case, the share of said deceased child shall be given to the lawful heirs of said deceased child."

The pertinent provision of the Order settling Final Account and Decree of Distribution (prior order) of husband's estate reads:

"It is ORDERED, adjudged and decreed by the Court, that said Executrix [decedent] and Executors [two sons] have in their possession, belonging to said estate, after deducting the

credits to which they are entitled, a balance of *Forty seven Thousand Two Hundred Forty three & 16/100 dollars ($47,243.16)*, of which no dollars is cash, and the remainder consists of the property hereinafter described, at the value of the appraisement; that the said account be allowed and settled accordingly; *and that in pursuance of and according to the provisions of the last will of said deceased,* [italics here added] the said property is distributed as follows: to wit: to Ada Fannie Lewis,

8 horses, 2 wagons, 20 ft. harrow, 8 ft. disc, 10 ft cyclone, 2 plows, automobile, 6 sets harness, small tools and Farm implements,

Mortgage on S.W. ¼ of S.W. ¼ of Sec. 28 T. 6, S. Range 23 E.S.B.B.M.,

209811 lbs. of beans,

Farm Tractor,

Undivided 4/5 interest in 1919 crop,

$5000 in Liberty Bonds, . . . .''

By stipulation the respective parties stated the legal question to be decided:

''It is the contention of Controller . . . that . . . decedent . . . received the assets described in said Order . . . in fee simple. Conversely, it is the contention of the Objectors herein [children and grandchild of the decedent] that the Order . . . incorporated by reference the will of Thomas Benton Lewis and thereby bestowed upon Ada F. Lewis only a life estate with a limited power to consume.''

No other evidence was submitted to the trial court. The order herein appealed from found that decedent under the prior order made in her husband's estate took only a life estate in the assets thereof and did not acquire said assets in fee simple. In making the order herein appealed from, the trial judge stated, referring to the prior order, ''the Court expressly referred to and incorporated the provisions of the will of Thomas Benton Lewis in said final decree of distribution and distributed said estate in accordance with the provisions of said will thereby giving Ada Fannie Lewis a life estate in the property here in question,'' and that therefore no state inheritance tax was due.

On this appeal, the sole issue is whether the trial court properly interpreted the prior order. Appellant contends that the prior order actually distributes the husband's estate in fee simple and that, despite the language referring to the will in the prior order, the will cannot be made a part of the prior

order even though a fee simple disposition of husband's assets would be contrary to the will.

Appellant contends that the prior order, like any other erroneous judgment, when final is res judicata and as conclusive as a decree that contains no error.

Appellant's proposition of law is not questioned, but his interpretation of the prior order is.

Respondents argue, and the trial court held that the prior order by reference specifically incorporated the provisions of husband's will and that by such incorporation the will provisions became part of the prior order.

In *Estate of Callnon*, 70 Cal.2d 150 [74 Cal.Rptr. 250, 449 P.2d 186], the Supreme Court recently reviewed a decree of distribution which also had become final several decades ago but which, unlike the decree at bench, set forth in *haec verba* a trust provision of the will and then appended a further provision not contained in the will making the interest of the remainderman contingent upon survival of the life beneficiary. █ There, the Supreme Court, concluding that the decree was neither ambiguous nor uncertain, collated the authorities and succinctly summarized the principles applicable to the issue here, as follows (at p. 156): "A decree of distribution is a judicial construction of the will arrived at by the court ascertaining the intent of the testator. [Citations]. █ Once final, the decree supersedes the will [citations] [fn. omitted] and becomes the conclusive determination of the validity, meaning and effect of the will, the trusts created therein and the rights of all parties thereunder. [citations.] [fn. omitted.]

█ ''If the decree erroneously interprets the intention of the testator it must be attacked by appeal and not collaterally. [Citations.] [fn. omitted]. If not corrected by appeal an "erroneous decree . . . is as conclusive as a decree that contains no error.' [Citations.] █ It is well settled that 'where the decree of distribution is contrary to the provisions in the will, the decree controls and prevails over the terms of the will with respect to the distribution of the property.' [Citations.] █ *Only if the language of the decree is 'uncertain, vague or ambiguous'* (*In re Ewer, supra,* 177 Cal. 660, 662 [171 P. 683]) *may resort be had to the will to interpret but not to contradict the decree.* [*citations.*]'' (Italics added.)

Of the authorities cited in *Callnon, In re Ewer, supra,* 177 Cal. 660, 662-664, is most closely analogous to the facts here. The court there pointed out (at p. 661) that the decree of

distribution provided that the residue remaining in the hands of the executor was, as here, to be distributed "in accordance with the provisions of the last will and testament of . . . deceased. . . ." Holding that such reference to the will in the decree, together with other references thereto, required the decree to be viewed in the light of the will, the court said at page 664: "Taking the two documents together, there is no ambiguity or doubt in regard to the final distribution of the trust estate. The rule that the decree of distribution prevails over the provision of the will where the two are in conflict is one of necessity. It should not be applied in cases where the necessity does not exist, and if reasonably possible the decree should be construed so as to be consistent with the will, and so as to incorporate the will into it as part of its directions, rather than to give it a meaning which conflicts with the provisions of the will. There was no controversy as to the meaning of the will, and we cannot ascribe to the court any purpose or intent to dispose of the estate contrary to its terms."

In *Horton* v. *Winbigler*, 175 Cal. 149, 159 [165 P. 423], the court considered a decree of distribution which, as here, contained a recitation "that in pursuance of, and according to the last will of said deceased . . . the said property is distributed as follows,—to wit:" followed by a distributive provision. The court found that such recital required reference to the decedent's will rather than a mere literal reading of the dispositive provision of the decree. It said at pages 158, 159:

"In making a decree of distribution a court may incorporate the provisions of the will therein or a contract or agreement entered into between the heirs, and which is called to the attention of the court with a view of having it incorporated in the decree; and the court may by express terms or by apt reference thereto incorporate said will or contract in the decree so as to constitute it a portion of its distributive terms. This is what was done in the decree of distribution under consideration. The court incorporated the will and the contract between plaintiff and Mrs. Brown as to the respective interests which each should take on distribution and pursuant thereto made distribution accordingly. When a necessity arose thereafter to construe said decree the court was not limited to a consideration of the particular provision of it as claimed by appellant, but it was the duty of the court to look to the will and the contract which were made a part of the decree, together with the other terms, in order to ascertain just what the terms of

the distribution were because the distribution as declared by the court was in accordance with the provisions of the will and the agreement of the heirs. This declaration and reference to the will and agreement made them a part of the decree as effectually as though set forth in it. The court was not, as appellant asserts, allowing the admission of the will and contract as matters extraneous to the terms of the decree for the purpose of modifying or changing the decree of distribution. The court was admitting these instruments which were in effect part of the decree of distribution because referred to therein and declared to be the basis of the decree itself; not to modify it or change it in any particular, but for the purpose of construing it in its entirety and determining just what was meant by all its distributive provisions. The right of the court to incorporate provisions of a will or agreement by express reference in a decree of distribution and thereafter in an action involving a consideration of the decree to resort to said will and agreement as part of the decree in construing its terms, as was done in this case, is well settled in this state. [Citations.] ''

In *Fraser* v. *Carman-Ryles*, 8 Cal.2d 143, 146 [64 P.2d 397], the court, in reviewing a decree which, as here, made specific reference to the will of the decedent therein, examined the will for the purpose of clarifying and interpreting the decree. In this case, by paragraph second of his will, Thomas gave the decedent his entire estate ''for her use and maintenance with full power to sell any or all said property, as she may see fit;'' and then directed that upon her death ''any of my estate then remaining shall be divided equally, share and share alike, among my six children . . .'' and if a child predeceased decedent the share of such child ''shall be given to the lawful heirs of said deceased child.'' It is well settled that a bequest or devise to a surviving spouse in general terms, without stating whether it is a fee or life estate, with broad powers of enjoyment or disposition, but with a gift over to subsequent takers of what remains on the death of the survivor, should be construed to create a life estate and not a fee in the survivor. (*Colburn* v. *Burlingame*, 190 Cal. 697, 702 [214 P. 226, 27 A.L.R. 1374]; *King* v. *Hawley*, 113 Cal. App.2d 534, 538-549 [248 P.2d 491]; 31 Cal.Jur.2d Life Estates, § 10, p. 318.)

 At bench, the prior order specifically provided for distribution to the decedent ''in pursuance of and according to the provisions of the last will.''

In our opinion, the cases support resort to the will referred to in order to make the prior order clear and complete.

The order is affirmed.

Fleming, J., and Wright, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 28, 1969. Mosk, J., and Sullivan, J., were of the opinion that the petition should be granted.